### Richmond

### JAMES EDWARD SMITH, JUNIOR

### V.

### COMMONWEALTH OF VIRGINIA

December 4, 1981.

Record No. 801941.

Present: All the Justices.

*B. Randolph Wellford (Wellford and Taylor,* on brief), for appellant.

*Alan Katz, Assistant Attorney General (Marshall Coleman, Attorney General; James T. Moore, Assistant Attorney General,* on brief), for appellee.

PER CURIAM.

In a bench trial, the trial court convicted James Edward Smith, Jr., of unauthorized use of a motor vehicle valued at more than $100. At that time, Code § 18.2-102 classified that offense as a class 6 felony. A class 6 felony is punishable by "a term of imprisonment of not less than one year nor more than five years, or . . . confinement in jail for not more than twelve months and a fine of not more than one thousand dollars, either or both." Code § 18.2-10(f). The order entered August 22, 1977, upon that conviction provided that "the court . . . doth now . . . suspend the imposition of sentence . . . during [defendant's] good behavior conditioned that he serve six months in jail." The order further pro-

vided that "upon his release from incarceration, the defendant is placed on supervised probation".

In a "show cause" hearing conducted March 12, 1979, the trial court found that defendant had violated certain conditions of probation and ordered that "the sentence heretofore suspended is hereby revoked to the extent that you are sentenced to ten months in the City Jail". The trial court advised defendant that "the imposition of a penitentiary sentence is still suspended" and warned him that "[t]his will be your last chance not to go to the penitentiary."

Upon his release after serving this sentence, defendant violated the conditions of probation again. The trial court entered an order September 5, 1980, providing that "three years and eight months, the balance of the five years of the suspended imposition of sentence, are this day revoked."*

On appeal from that order, defendant invokes the constitutional guarantees against double jeopardy. U.S. CONST. amend. V; Va. CONST. art. I, § 8. We need not consider the double jeopardy question.

■ Defendant does not challenge the trial court's authority to fix the initial six-month jail term as a condition of probation, and he conceded on brief that the ten-month sentence "was within the Court's authority under § 19.2-306 of the Virginia Code". For purposes of this opinion, we accept these concessions. Code § 19.2-306 defines the sentencing authority of a trial court which has found a probationary violation. In the event a sentence has been imposed upon a conviction and execution of sentence has been suspended for a probationary period, a trial court may revoke the suspension; in such case, "the original sentence shall be in full force and effect". But "in case the imposition of sentence has been suspended, the Court may pronounce whatever sentence might have been originally imposed."

■ This is a case of suspension of imposition of sentence. The trial court might originally have imposed up to five years in the penitentiary *or* up to twelve months in jail and a fine. Code § 18.2-10(f). The disjunctive language of the statute prescribes penalties in the alternative. When the trial court revoked suspension of imposition of sentence for the first probationary violation and

---

* Manifestly, the trial court mistakenly believed that it had pronounced a sentence of five years' imprisonment at the time of conviction.

imposed a ten-month jail term, the sentencing authority vested in it by Code § 19.2-306 was exhausted. Because the trial court was without jurisdiction to impose the penitentiary sentence, the order appealed from is null and void. Accordingly, that order will be vacated and defendant, having served the sentence imposed, will be released from custody and probation.

*Reversed.*