## CIRCUIT COURT OF HENRICO COUNTY

Commonwealth of Virginia

v.

Richard Bryant

January 25, 1982

Case No. 78F427

By JUDGE E. BALLARD BAKER

On November 29, 1978, Richard Bryant was "sentenced to confinement in the penitentiary for a period of five years, the execution of which sentence is suspended upon the condition that the defendant keep the peace and be of good behavior for twenty years, that he serve twelve months in jail on the Bureau of Correctional Field Units, that he pay $65.00 costs, and that upon his release from jail he be placed on probation under the supervision of a probation officer of this Court. The twelve month sentence of the defendant is to be served consecutive to any other sentence he is presently serving."

He is before this Court on a show cause order. It appears that on August 20, 1981, he was convicted by a jury of statutory burglary and sentenced to five years.

It is argued that under *Smith v. Commonwealth*, 222 Va. 700, decided December 4, 1981, he cannot now be made to serve any additional sentence.

In *Smith*, the defendant was convicted of unauthorized use of a motor vehicle. The Court suspended the imposition of sentence during good behavior, "conditioned that he serve six months in jail." Probation was to follow the jail term. On a show cause 18 months later, the Court ordered that "the sentence heretofore suspended is hereby

revoked to the extent that you are sentenced to ten months in the City jail."

After serving that ten months, the defendant violated probation again, and on a show cause, the trial court ordered that "three years and eight months, the balance of the five years of the suspended imposition of sentence are this day revoked."

(This was in error. There was no imposition of five years in the original sentencing order.)

The Supreme Court held that the trial court could not impose any further sentence. The Court noted the distinction between suspension of execution of a sentence and suspension of imposition of a sentence under Section 19.2-306.

> In the event a sentence has been imposed upon a conviction and execution of sentence has been suspended for a probationary period, a trial court may revoke the suspension; in such case, "the original sentence shall be in full force and effect." But "in case the imposition of sentence has been suspended, the Court may pronounce whatever sentence might have been originally imposed." (222 Va. 702).

In *Smith*, the Supreme Court held that the Court could have imposed a penitentiary sentence or a jail sentence; but:

> When the trial court revoked suspension of imposition of sentence for the first probationary violation and imposed a ten-month jail term, the sentencing authority vested in it by Code Section 19.2-306 was exhausted. (222 Va. 702-703).

This case is not like *Smith*. Here, *execution* of sentence was suspended, subject to becoming effective on proof of a violation of a condition of the suspension.

Bryant argues, however, that the original sentence was improper. This is a contention that in a class 5 or 6 felony a penitentiary sentence cannot be given with execution suspended conditioned on service of a jail sentence. Penitentiary sentences and jail sentences are both authorized in these felonies.

Section 19.2-302 allows a court to "suspend imposition of sentence or suspend the sentence in whole or in part." Section 53-272 provides that a court may "suspend the execution of sentence, in whole or in part" and "place the defendant on probation. . . under such conditions of probation as the court shall determine."

In *Smith*, the Supreme Court had no occasion to discuss 19.2-302 or 53-272, being concerned solely with the authority of a court under 19.2-306. It did accept, for the purposes of the opinion, a concession of counsel in *Smith* that a six-month jail term as a condition of probation was within the authority of the trial court under 19.2-306.

This Court is of the view that a jail term as a condition of the suspension of execution of a penitentiary term is not improper in an original order. It can be supported as part of the suspension of execution of sentence, in whole or in part, or as a condition of probation. *Smith* does not forbid it.

This view is strengthened by language in *Dyke* v. *Commonwealth*, 193 Va. 478 at 484 (1952). It is also noted that a sentence, similar in effect though not in language, was involved in *Cook* v. *Commonwealth*, 211 Va. 290 (1970), though not discussed by the Court in its consideration of other aspects of what is now 19.2-306.

This Court is of opinion that the Motion to Dismiss the show cause based on illegality of the original sentence should be denied.