## CIRCUIT COURT OF HENRICO COUNTY

Commonwealth of Virginia

 v.

Harry Dwight Moore

January 16, 1987

Case No. 82F344

### By JUDGE JAMES E. KULP

This matter came before the court on January 13, 1987, on a Show Cause Order as to why this court's sentence should not be revoked. Relying upon *Smith v. Commonwealth*, 222 Va. 700 (1981), Mr. [Murray] Janus [counsel for the defendant] took the position that the court was without authority to take any action in the matter. The court was unable to give the matter careful consideration at the time because of other scheduled matters, dismissed the Show Cause, and advised the parties that the court would decide the issue raised by Mr. Janus.

Now having had an opportunity to read the *Smith* case and review Mr. Moore's file, the court is of the opinion that the *Smith* case is distinguishable from Mr. Moore's case and therefore not controlling.

In *Smith* the trial court initially suspended imposition of sentence upon the condition of good behavior and that the defendant serve six months in jail. Thereafter, at a "show cause" hearing, the trial court found that the defendant had violated conditions of probation and ordered that "the sentence heretofore suspended is hereby revoked to the extent *that you are sentenced to ten months in the City Jail.*" 222 Va. at 702 (emphasis added).

Subsequently, the defendant in *Smith* was returned to court at which time the court entered an order providing that "three years and eight months, the balance of the five years of the suspended imposition of sentence, are

this day revoked." 222 Va. at 702. The defendant appealed and the Virginia Supreme Court reversed.

In *Smith* the defendant conceded that the trial court had the authority to fix the initial six-month jail term as a condition of probation and had the authority to impose the ten-months sentence. The Supreme Court found that when the trial court revoked the suspension of imposition of sentence and imposed the ten-month jail term its *sentencing authority* was exhausted.

As this court reads *Smith*, the Virginia Supreme Court was merely applying the time honored axiom that once a court fixes a sentence, it has no authority to enlarge upon that sentence at a later time. In *Smith* when it initially revoked the suspended imposition of sentence, the court *sentenced* the defendant to "ten months in the City Jail." While the trial court had authority to impose a sentence up to five years, it sentenced the defendant to ten months. Therefore, the ten-month sentence was the sentence in the case, and the trial court had no authority to increase the sentence at some later time.

The circumstances in Mr. Moore's case simply are not the same as those in *Smith*. In this court's order of December 9, 1982, the court suspended imposition of sentence for thirty years upon certain conditions. Because of violations of the conditions imposed by the court, the court on July 12, 1985, revoked the suspended imposition of sentence and *sentenced* Mr. Moore to a term of *ten years*, the execution of which the court suspended for thirty years under certain conditions. This action of the court fixed the outer limits of Mr. Moore's sentence at ten years, whereas the limit of the sentence in *Smith* was ten months.

Subsequently, Mr. Moore came again before the court on October 30, 1986, for another "show cause" hearing. The court found that Mr. Moore had violated the conditions of his suspended sentence imposed on July 12, 1985, and revoked the suspended ten-year sentence. At the specific request of Mr. Janus that Mr. Moore be given another opportunity to show the court he could lead a productive life, the court again suspended the execution of the ten-year sentence and placed Mr. Moore on probation upon certain conditions, one of those being that Mr. Moore serve twelve months in jail.

Mr. Moore was then brought before the court again on January 13, 1987, for a "show cause" as to why the ten-year sentence suspended on October 30, 1986, should not be revoked. It was at this hearing that Mr. Janus took the position that even though Mr. Moore had violated the conditions imposed by the court on October 30, the court was without authority to take any action because Mr. Moore had been ordered to serve twelve months in jail on October 30, 1986.

The court sees a critical distinction in what occurred in *Smith*, relied upon by Mr. Moore, and what took place in this case. In *Smith*, when the trial court revoked the suspended imposition of sentence the court then *sentenced* Mr. Smith to ten months in jail. In this case when the court revoked the suspended imposition of sentence, the court *sentenced* Mr. Moore to ten years. The twelve month jail term imposed by this court on October 30, 1986, was not Mr. Moore's sentence, but rather was a condition for the suspension of the ten-year sentence.

In no respect has this court attempted to enlarge upon the sentence imposed upon Mr. Moore as was the case in *Smith*. Mr. Moore's sentence is ten years, and neither this court nor any other court can increase the outer limits of that sentence. In the court's view, however, the court has the authority to place reasonable conditions upon a defendant when the court suspends the execution of a sentence. *See* § 19.2-303 of the Code of Virginia. The purpose of probation is to provide the trial courts a valuable tool for rehabilitation of criminals, and in this vein probation statutes should be liberally construed. *See Grant* v. *Commonwealth*, 223 Va. 680 (1982).

In this case when Mr. Moore came before the court on October 30, 1986, the court was of the opinion that the violations of the conditions were not such that Mr. Moore should suffer the full brunt of the ten-year sentence. The court believed that it was necessary for Mr. Moore to understand that he had to comply with the conditions imposed upon him and that a stint in jail could accomplish that result. For these reasons, the court suspended the execution of the ten-year sentence and made one of the conditions of the suspended sentence that Mr. Moore serve twelve months in jail.

If Mr. Janus's position were to prevail, trial courts would be required to impose the full suspended sentence

upon any violation of any conditions imposed by the court in originally suspending the sentence. Otherwise, the trial court would lose any authority to deal with the defendant thereafter. This court does not believe such a circumstance is compelled by the statutes or law of this Commonwealth. The hands of trial courts would be unduly shackled if this circumstance were to be required, and the beneficent purposes of probation and rehabilitation would be undermined.

The trial courts cannot, however, use the condition of jail time to increase a defendant's sentence. Therefore, if a trial court should at some point revoke the entire suspended sentence, the defendant would be entitled to credit for any time served in jail as a condition of the suspended sentence.

For the reasons set forth above, the court is of the opinion that the twelve-month jail term imposed upon Mr. Moore by the Court on October 30, 1986, was a condition for suspending his ten-year sentence, and does not withdraw the court's authority to deal with Mr. Moore should he violate the terms and conditions imposed by the court on October 30, 1986.