## CIRCUIT COURT OF THE CITY OF RICHMOND

Commonwealth of Virginia

 v.

Edward Powell

February 14, 1997

Case No. F-80-610

BY JUDGE DONALD W. LEMONS

The matter before the Court is the possible revocation of a suspended sentence originally imposed in case number F-80-610. The defendant, in a Motion to Strike, has claimed that there is no longer any suspended time remaining on the original sentence. The defendant was originally sentenced on July 13, 1980, to a fifteen year penitentiary sentence, with all 15 years suspended. No time of suspension was indicated in the order; consequently the sentence is suspended for the life of the defendant, "the maximum period for which the defendant might originally have been sentenced to be imprisoned." Va. Code Ann. § 19.2-306.

On December 2, 1982, proceeding on an Order to Show Cause, the Court found "clear and convincing evidence" that the defendant had violated the terms of the suspended sentence and stated: "[t]herefore five years of the sentence of fifteen years heretofore suspended are this day revoked ... . Thereupon the said Edward Powell is remanded to serve the said five years."

The question raised by the defendant is whether ten years of the originally imposed sentence are still suspended or if the wording of the December 2 order exhausted any further sentencing authority of this Court. The Commonwealth and the Defendant agree that the intent of the December 2 order was to have the defendant serve five years and have ten years of suspended time remaining.

The defendant, on brief, cites the Virginia Supreme Court case of *Smith v. Commonwealth*, 222 Va. 700 (1981). In *Smith*, the trial court suspended imposition of sentence, then in a later show cause proceeding, ordered that

"the sentence heretofore suspended is hereby revoked to the extent that you are sentenced to ten months in the City Jail." At a second show cause proceeding on a probation violation, the court entered an order providing that "three years and eight months, the balance of the five years of the suspended imposition of sentence, are this day revoked."

The defendant appealed this second revocation. The Supreme Court found that the jail sentence imposed by the court at the first show cause hearing exhausted the sentencing authority of the trial court and that the second revocation had no effect because there was nothing to revoke. The Court relied on the fact that Code § 19.2-306 states that "in case the imposition of sentence has been suspended, the Court may pronounce whatever sentence might have been originally imposed." Finding that the ten month sentence could have been "originally imposed" there was no further action the court could take after the next violation.

The matter before this Court does not involve the suspended imposition of sentence; it involves the suspension of the execution of a sentence. Section 19.2-306 provides differently for a suspension of the execution of sentence:

> In case the execution of sentence has been suspended, the original sentence shall be in full force and effect, and neither the time of probation or of suspension shall be taken into account to diminish the original sentence.

Va. Code Ann. § 19.2-306 (1995).

If "the original sentence shall be in full force and effect," then Powell's sentence at the time of the December 2, 1982, order would have been a fifteen year sentence. This Court must interpret the order in a way which comports with the statute. The most sensible way to interpret the order is that the judge was revoking the "original sentence" of fifteen years and was resuspending ten of the years and ordering the defendant to serve five years at that time. *Cf. Wheeling v. Roanoke*, 2 Va. App. 42 (1986) ("If an illegal sentence has been pronounced, the court has power to substitute a legal sentence, and its right to do this is not impaired by the circumstances that the illegal sentence has been partly executed.") (quoting *Powell v. Commonwealth*, 182 Va. 327, 340 (1944)).

While the order could have more clearly stated the fact that the judge was revoking the original sentence of fifteen years and resuspending ten of the years, this Court finds that the intention of the trial judge and the operation of § 19.2-306 require a finding that the defendant has ten years of suspended time remaining on the rape charge.