PUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, Alston and Senior Judge Willis
Argued at Alexandria, Virginia


ANDREW McQUAY JACOBS

v.      Record No. 2447-11-4

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE RANDOLPH A. BEALES
MARCH 12, 2013


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Michael F. Devine, Judge[1]

Lauren Whitley, Senior Assistant Public Defender (Office of the
Public Defender, on briefs), for appellant.

Katherine Quinlan Adelfio, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Andrew McQuay Jacobs (appellant) appeals a revocation order entered by the Circuit

Court of Fairfax County on December 5, 2011.  Appellant argues on appeal that "the trial court

had no authority to impose 6 months of incarceration as the court had previously imposed only

ninety days of incarceration and failed to re-suspend any of that sentence as required under Code

§ 19.2-306."  For the following reasons, we affirm the trial court's order entered on December 5,

2011.

I.  BACKGROUND

On February 22, 2006 appellant pled guilty to one count of felony attempted abduction

(Count III), in violation of Code §§ 18.2-47 and 18.2-26, and one count of felony abduction

(Count II), in violation of Code § 18.2-47.  Appellant also entered a guilty plea pursuant to North

_____

[1] Appellant was originally sentenced on July 10, 2006 by Judge Stanley P. Klein.
However, the revocation order upon which this appeal was brought was entered on December 5,
2011 and signed by Judge Michael F. Devine.

Carolina v. Alford, 400 U.S. 25 (1970), on one count of burglary (Count I), in violation of Code § 18.2-90.  On July 10, 2006 appellant was sentenced by Judge Stanley P. Klein to twenty years incarceration with eighteen years suspended for Count I, five years incarceration with three years suspended for Count II, and five years incarceration with three years suspended for Count III.  The sentences were ordered to run consecutively.  Appellant was placed on five years of intensive probation upon his release from incarceration.

On April 15, 2011 appellant was brought before Judge Michael F. Devine on an allegation that he violated the terms of his probation.  Appellant admitted the violation, and Judge Devine revoked ninety days of appellant's previously suspended sentence on Count III.  The order did not address the suspended sentences for Counts I and II.  The order referred to them only in its summary of appellant's convictions and sentences.  The April 20, 2011 final order reads in pertinent part:

> In consideration, the Court ORDERED that ninety (90) days of the previously suspended sentence on Count III is revoked and ordered into execution.  The Court further ORDERED that ANDREW MCQUAY JACOBS serve ninety (90) days, on Count III, incarceration in the Fairfax Adult Detention Center.
> The Court further ORDERED that the Defendant's probation is extended to December 31, 2021.

On November 18, 2011 another probation violation hearing was held before Judge Devine, who found that appellant violated the terms of his probation again.  The revocation order, upon which this appeal was brought, was issued on December 5, 2011 and reads in pertinent part:

> [T]he Court revoked the entirety of the previously suspended sentence on Count I and re-suspended all but six (6)[2]

---

[2] There is a scrivener's error in the December 5, 2011 order, which states:  "[T]he Court revoked the entirety of the previously suspended sentence on Count I and re-suspended all but *six (6)* of that sentence for a period of five (5) years from today's date of November 18, 2011."  (Emphasis added).  The order omitted the word "months" after "six (6)."  However, it is clear

- 2 -

of that sentence for a period of five (5) years from today's date of November 18, 2011.

The Court further ORDERED that the entirety of the previously suspended sentences on Counts II and III are revoked and the Court re-suspended the entirety of the sentences imposed on Counts II and III for a period of five (5) years from today's date of November 18, 2011.

The Court further ORDERED that the Defendant is placed on intensive probation for a period of five (5) years from today's date of November 18, 2011.

## II.  ANALYSIS

Appellant argues on appeal that the trial court had no authority to impose six months of active incarceration in its December 5, 2011 revocation order because he claims that the trial court, in its prior April 20, 2011 revocation order, imposed only ninety days of active incarceration and did not expressly re-suspend any of that sentence (for Count III) or the remaining suspended sentences (for Counts I and II).  Appellant asserts that, if the trial court

---

that the trial court intended to state "six (6) months" because at the probation revocation hearing on November 18, 2011 (from which the December 5, 2011 order resulted), the trial court stated:

> So I don't know what more motivation I can give you.  I gave you 90 days back the last time. *This time it's going to be six months.* I'm going to revoke the entirety of your sentence on the burglary charge.  That's eighteen years.  I'm going to revoke the previously suspended three years on the abduction charge.  I'm going to revoke the attempt – the prior three years, minus 90 days, on the abduction charge.
>
> So I have no-revoked all the time that was previously imposed. *I will resuspend all of that time except for six months.*

(Emphasis added).  Moreover, the assignment of error granted states:  "The trial court had no authority to impose *six months* of incarceration as the court had previously imposed only ninety days of incarceration and failed to re-suspend any of that sentence as required under Virginia Code § 19.2-306."  (Emphasis added).  Accordingly, while we affirm the trial court's December 5, 2011 order, we also remand this matter for the limited purpose of correcting this clerical mistake.  The corrected December 5, 2011 order should state in pertinent part:  "the Court revoked the entirety of the previously suspended sentence on Count I and re-suspended all but six (6) months of that sentence for a period of five (5) years from today's date of November 18, 2011."

- 3 -

intended to re-suspend any part of appellant's sentence in the April 20, 2011 revocation order, then Code § 19.2-306 required the trial court to expressly do so. Thus, appellant contends that, by the time of the November 18, 2011 revocation hearing, there was not any remaining suspended sentence available to be revoked. Consequently, appellant argues that the trial court's December 5, 2011 revocation order, which resulted from that hearing and which is the basis of this appeal, was erroneous.[3]

We observe, as an initial matter, that appellant claims that the trial court's April 20, 2011 revocation order affected his sentences on all three counts – even though the plain language of the April 20, 2011 order only references Count III. Counts I and II are never mentioned in the April 20, 2011 order (except in the summary of the prior history of the case). However, the Attorney General's brief on appeal to this Court *also* accepts the premise the April 20, 2011 order implicitly affects the sentences for Counts I and II.[4] Even if we were to assume without deciding that those sentences are included within the scope of that order, we conclude that the trial court did not err here.

In revocation appeals, the trial court's "findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion." Davis v. Commonwealth, 12 Va. App. 81, 86, 402 S.E.2d 684, 687 (1991). The evidence is considered in the light most favorable to the

---

[3] We disagree with appellant's argument that Smith v. Commonwealth, 222 Va. 700, 284 S.E.2d 590 (1981), is applicable here, as the circumstances in Smith were readily distinguishable from the circumstances here. Smith was decided under a previous version of Code § 19.2-306, and even more importantly, in Smith the trial court initially suspended the *imposition* of Smith's sentence, which is not the case here. Id. at 701-02, 284 S.E.2d at 590.

[4] Specifically, the Attorney General asserts on brief that "the only reasonable interpretation" of the April 20, 2011 order is that it "*revoked the entirety of the remaining suspended sentences* and then correspondingly *re-suspended the entirety of Counts I and II's sentences* and the remainder of Count III's sentence." (Emphasis added). Furthermore, the Attorney General's brief also contends that the trial court in the December 5, 2011 order "rightly determined the April 2011 order re-suspended the remainder of the sentences in Count III *and all of the sentences in Counts I and II*." (Emphasis added).

Commonwealth, as the prevailing party below.  See, e.g., Giles v. Commonwealth, 277 Va. 369,

375, 672 S.E.2d 879, 883 (2009).  To the extent that appellant's assignment of error raises a

question of statutory interpretation, that question is reviewed *de novo* on appeal.  See id. at 373,

672 S.E.2d at 882.

Revocation and Re-suspension of a Sentence under Code § 19.2-306

Code § 19.2-306(C) states, in pertinent part,

> If the court, after hearing, finds good cause to believe that
> the defendant has violated the terms of suspension, then . . . (ii) if
> the court originally suspended the execution of the sentence, the
> court *shall* revoke the suspension and the original sentence shall be
> in full force and effect.  The court may again suspend all or any
> part of this sentence and may place the defendant upon terms and
> conditions or probation.

(Emphasis added).

Neither the text of Code § 19.2-306(C) nor the case law interpreting it establishes that the

trial court abused its discretion here.  We disagree with appellant's argument that the April 20,

2011 order's lack of an explicit re-suspension of the balance of the remaining sentence

constituted reversible error.[5]  It is evident that the trial court implicitly interpreted the April 20,

---

[5] We observe that Code § 19.2-306(C)'s requirement that, "if the court originally suspended the execution of the sentence, the court shall revoke the suspension" is directory – not mandatory.  Therefore, the trial court did not need to *explicitly* re-suspend the sentences from the original sentencing order of July 10, 2006 in the April 20, 2011 revocation order.

The use of the word "shall" in Code § 19.2-306(C) is directory, pursuant to the Supreme Court's explanation in Commonwealth v. Rafferty, 241 Va. 319, 402 S.E.2d 17 (1991), of when the word "shall" is directory or mandatory:

> In construing another statute directing the act by the word "shall,"
> as in this case, we said "[a] statute directing the mode of
> proceeding by public officers is to be deemed directory, and a
> precise compliance is not to be deemed essential to the validity  of
> the proceedings, unless so declared by statute."

Id. at 324-25, 402 S.E.2d at 20 (quoting Nelms v. Vaughan, 84 Va. 696, 699, 5 S.E. 704, 706 (1888)).  Accordingly, the use of the word "shall" in Code § 19.2-306(C) is directory – not

2011 revocation order in its subsequent December 5, 2011 revocation order, showing that the trial court actually intended in its April 20, 2011 order to re-suspend the balance of the remaining available sentence.

We hold that the trial court's implicit interpretation of its April 20, 2011 revocation order is not an abuse of discretion, and is supported by this Court's decision in Leitao v. Commonwealth, 39 Va. App. 435, 573 S.E.2d 317 (2002), which controls the issue before us and provides a framework for our analysis of Code § 19.2-306(C). As in Leitao, the trial judge here construed its revocation order in the only manner possible – given that a trial court simply lacks any authority to "shorten the original suspended sentence." Id. at 438, 573 S.E.2d at 319.

### The Decision in *Leitao*

In 1996, the trial court sentenced Leitao to six years in prison, suspended all but six months of the sentence, and placed him on probation for two years. Id. at 437, 573 S.E.2d at 318. The trial court later found in 1997 that Leitao violated his probation, revoked his suspended sentence, "ordered him to serve 12 months in jail, re-suspended the balance of the sentence, and placed the defendant on probation." Leitao was found again in 1999 to have violated probation, and the court order "revoked the sentence and probation, ordered him to serve one year of the original sentence, and placed him on probation for two years upon his release." When Leitao was found to have violated probation in 2002, the trial court revoked his suspended sentence and probation and ordered him to serve the balance of the original sentence. Id. Specifically, the trial court stated: "When the suspension was revoked" in 1999, "the sentence would have gone into effect automatically. And then . . . the Court placed him back on probation and [by

---

mandatory – because it directs the mode of proceeding by public officers (the trial court judge), and the statute does not declare otherwise.

implication] re-suspended the sentence." Id. at 438, 573 S.E.2d at 318-19 (alterations in original).

Similar to appellant's argument here, Leitao argued on appeal to this Court that, because the trial court did not explicitly re-suspend the sentence after revoking the sentence in the 1999 order, there was no suspended sentence in 2002 for the trial court to suspend. Id. at 437-38, 573 S.E.2d at 318. This Court disagreed and "defer[red] to the trial court's interpretation of its own order." Id. at 438, 573 S.E.2d at 319 (citing Fredericksburg Constr. Co. v. J.W. Wyne Excavating, 260 Va. 137, 144, 530 S.E.2d 148, 152 (2002); Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 129, 510 S.E.2d 255, 260 (1999)). This Court concluded that the trial court did not abuse its discretion in interpreting the 1999 order, reasoning that "[t]he only logical interpretation of the 1999 order is the one the trial court adopted." Leitao, 39 Va. App. at 438, 573 S.E.2d at 319. This Court explained that

> *The absence of an explicit recitation re-suspending the balance of the original sentence did not implicitly discharge the remaining sentence; it* _implicitly_ *re-suspended the balance that the defendant had not served.*
>
> *        *        *        *        *        *        *
>
> The 1999 order revoked the suspended sentence, and sentenced the defendant to serve one year of the original sentence. The time not served remained suspended subject to revocation if the defendant violated the terms of probation. When the defendant did violate those terms, the trial court could revoke that suspension and order the defendant to serve the . . . balance of his original sentence.

Id. at 438-39, 573 S.E.2d at 319 (emphasis added).

Although the circumstances of this case differ somewhat from those in Leitao, in that the trial court here implicitly (rather than explicitly) interpreted the intent of the April 20, 2011 revocation order in its subsequent December 5, 2011 revocation order, the distinction between an implicit interpretation and an explicit interpretation certainly is not dispositive here. Consistent

with <u>Leitao</u>, the trial court here, in its December 5, 2011 order, gave the "only logical interpretation" of the April 20, 2011 order – i.e., that the April 20, 2011 order brought about the implicit re-suspension of sentence. <u>See id.</u> at 438, 573 S.E.2d at 319. As in <u>Leitao</u>, the "only logical interpretation" of the earlier revocation order is that "the absence of an explicit recitation re-suspending the balance of the original sentence did not implicitly discharge the remaining sentence; it implicitly re-suspended the balance that the defendant had not served." <u>Id.</u>

<u>Revocation Orders Cannot Simply Negate or Erase Previously Entered Final Sentences</u>

Appellant's argument on appeal here suffers from the same faulty premise that the defendant in <u>Leitao</u> presented. Specifically, appellant's argument presupposes that the trial court somehow had the authority in its April 20, 2011 order to shorten the length of appellant's original sentence. This assumption is erroneous and would lead to an absurd interpretation of a trial court's authority under Code § 19.2-306. "'[A] statute should never be construed so that it leads to absurd results.'" <u>Auer v. Commonwealth</u>, 46 Va. App. 637, 651, 621 S.E.2d 140, 147 (2005) (quoting <u>Branch v. Commonwealth</u>, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992)).

It is plain common sense that, while a trial court has the authority to change the conditions of probation, it does not – as appellant suggests – have the authority to modify an original sentence more than 21 days after the final sentencing order has been entered. <u>See</u> Rule 1:1; <u>cf.</u> Code § 19.2-303 (providing an exception that is inapplicable here). It would be absurd to hold, as appellant would have us hold, that a trial court can simply erase a sentence that has been entered in a final order, with a single swipe of a pen, merely because the trial judge did not explicitly re-suspend a sentence in an order from a revocation hearing. A trial court could not even shorten a final sentence if it wanted to do so – i.e., if the defendant was on especially good

behavior.[6]  A trial court certainly cannot shorten a defendant's sentence by accident – or because the defendant's bad behavior has brought him before a court in a revocation proceeding.

Simply put, a trial court cannot shorten a defendant's sentence that has already been meted out regardless of how good his behavior is.  Therefore, it would defy all logic for a court to be able to reduce and even wipe out a suspended sentence when the defendant's bad behavior is the very reason for bringing him back before the court in a revocation proceeding.[7]

This Court's decision in Leitao directly addresses this point.  This Court in Leitao held that "[c]ontrary to the defendant's contention, the 1999 order *could not shorten the original suspended sentence*."  Leitao, 39 Va. App. at 438, 573 S.E.2d at 319 (emphasis added) (citing Rule 1:1).  See also Alsberry v. Commonwealth, 39 Va. App. 314, 318, 572 S.E.2d 522, 524 (2002) ("[T]he issue at a revocation proceeding is not what sentence to impose upon the defendant for his prior criminal conviction, but whether to continue all or any portion of a previously imposed and suspended sentence due to the defendant's failure to abide by the terms

---

[6] As this Court has explained, only the Governor has the authority to pardon or commute sentences:

> The Governor, moreover, has the exclusive constitutional power to "grant reprieves and pardons" after conviction.  See Va. Const. art. V § 12.  The Virginia judiciary "may not assume a power of clemency or pardon which is a unique function of executive power."  Moreau [v. Fuller], 276 Va. [127,] 136, 661 S.E.2d [841,] 846 [(2008)]; see also Sorrells [v. United States], 287 U.S. [435,] 449 [(1932)] ("Clemency is the function of the Executive.").

Taylor v. Commonwealth, 58 Va. App. 435, 443, 710 S.E.2d 518, 522 (2011).

[7] In addition, the implication of appellant's argument is that, where the trial court issued a final sentencing order, and subsequently revoked the originally suspended sentence for Count III (without expressly ordering the re-suspension of Counts I, II, or III), then not only does the suspended sentence for Count III disappear, but so do the suspended sentences for Counts I and II – which were never even mentioned in the April 20, 2011 revocation order (Counts I and II were only mentioned in that order's summary of the prior history of the case).  This is a completely absurd result.

- 9 -

of his probation."). Likewise, the trial court here could not shorten appellant's original sentence in the April 20, 2011 order, the December 5, 2011 order, or in any other order entered after the trial court surrendered jurisdiction over the final sentencing order for the underlying offenses that was entered on July 10, 2006. It is clear that "[w]hen a court revokes the suspension of execution of sentence, 'the original sentence shall be in full force and effect.'" Leitao, 39 Va. App. at 438, 573 S.E.2d at 319 (quoting Code § 19.2-306). Thus, we hold that the remaining balance of appellant's original sentence did not simply disappear when the trial court in the April 20, 2011 order revoked a portion of his suspended sentence and implicitly re-suspended the remainder of the suspended sentence.[8]

### The Trial Court Properly Interpreted its Order in Light of Controlling Law

In addition, we consider the trial court's interpretation of its April 20, 2011 order in light of the well-settled principle of law that a "judge is presumed to know the law and to apply it correctly in each case." Groves v. Commonwealth, 50 Va. App. 57, 61-62, 646 S.E.2d 28, 30 (2007). Thus, we presume that Judge Devine was aware that the April 20, 2011 revocation order "could not shorten the original suspended sentence." Leitao, 39 Va. App. at 438, 573 S.E.2d at 319. We also presume that Judge Devine knew the procedure set forth in Code § 19.2-306(C), and applied it, albeit implicitly, by re-suspending the remaining suspended sentence from the original July 10, 2006 order in the April 20, 2011 revocation order.

---

[8] To hold otherwise would undermine the rehabilitative goals behind the imposition of suspended sentences (by letting some defendants escape accountability mechanisms like supervised probation based on a clerical error) and, further, would make trial courts more reluctant to impose suspended sentences. See Grant v. Commonwealth, 223 Va. 680, 684, 292 S.E.2d 348, 350 (1982); Briggs v. Commonwealth, 21 Va. App. 338, 344, 464 S.E.2d 512, 514 (1995) (both describing the "highly remedial" nature of Code § 19.2-306 and the fact that it "should be liberally construed to provide trial courts a valuable tool for rehabilitation of criminals").

In support of this conclusion, we also note that the April 20, 2011 revocation order clearly imposed a probationary period, and at that time there remained a great deal of unserved time from the original sentence. This Court has explained that a probationary period is meaningless without a suspended sentence available for imposition upon a violation of the terms of probation. See Hartless v. Commonwealth, 29 Va. App. 172, 175, 510 S.E.2d 738, 739 (1999) ("[P]robation depends for enforceability upon the existence of a term of sentence suspension."); see also Leitao, 39 Va. App. at 438, 573 S.E.2d at 319 ("Probation was meaningless if no sentence remained for the court to impose if the defendant violated the terms imposed."). Under this Court's reasoning in Hartless and Leitao, the trial court's decision to order a probationary period would have been utterly meaningless if the trial court did not also intend to impose a suspended sentence in the April 20, 2011 revocation order.

### III. CONCLUSION

The trial court did not err when it entered the December 5, 2011 revocation order because its earlier revocation order from April 20, 2011 simply could not have negated any of the original suspended sentences from appellant's underlying July 2006 convictions. Thus, with time remaining to be served in appellant's suspended sentences, the trial court did not abuse its discretion when it entered the December 5, 2011 revocation order. Accordingly, we affirm the trial court's order entered on December 5, 2011, and remand for the limited purpose of correcting the clerical mistake in that order. See *supra* n.2.

Affirmed and remanded.