COURT OF APPEALS OF VIRGINIA

Present:   Judges Huff, Fulton and White
Argued at Norfolk, Virginia

**PUBLISHED**

JARON DEVONTAE NOTTINGHAM

v.        Record No. 1006-21-1

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE GLEN A. HUFF
MARCH 21, 2023

FROM THE CIRCUIT COURT OF NORTHAMPTON COUNTY
W. Revell Lewis, III, Judge

Charles E. Haden for appellant.

Stephen J. Sovinsky, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.

Jaron Devontae Nottingham ("appellant") appeals a judgment from the Northampton

County Circuit Court (the "trial court") revoking his previously suspended sentences in connection

with his two previous convictions from 2010.[1]  In his sole assignment of error, appellant asserts that

the trial court abused its discretion by revoking his previously suspended sentences in their entirety.

He alleges that the trial court exceeded its statutory authority to revoke his sentences because the

instant violations were his first "technical violations" under Code § 19.2-306.1.  Consequently, he

contends that the trial court erred by "implicitly" refusing to apply Code § 19.2-306.1.  This Court

concludes that, on the contrary, the trial court properly applied Code § 19.2-306.1 in reaching its

sentencing decision.  Accordingly, this Court holds that the trial court did not abuse its discretion by

revoking appellant's sentences and therefore affirms the trial court's judgment.

---

[1] Nottingham was convicted of breaking and entering (CR09000085-01) and felony
destruction of property (CR09000085-02).

On September 29, 2009, appellant was convicted of breaking and entering and felony destruction of property; on January 29, 2010, on each conviction, he was sentenced to five years' incarceration, with five years suspended. In 2011, appellant was found in violation of his probation for failing to follow his probation officer's instructions. In 2012, he was found in violation of his probation for again failing to follow his probation officer's instructions and for marijuana use. Appellant was found in violation of his probation for a third time in 2015.[3]

On September 14, 2020, the trial court issued a capias for appellant following his probation officer's report alleging that appellant had violated his probation by: failing to report new arrests for firearm offenses and a speeding citation, possessing a controlled substance, failing to follow his probation officer's instructions, failing a drug screen, and traveling out of state without permission. The capias was executed on April 6, 2021, after appellant waived extradition from Delaware.

At the revocation hearing on August 23, 2021, appellant stipulated that he had violated his probation. Nevertheless, he asserted that his violations collectively constituted a single "technical violation" under Code § 19.2-306.1 because "[t]he statute . . . provi[ded] that multiple technical violations in the same revocation period should not be considered separate technical violations." Appellant maintained that none of his earlier probation violations could be included in the tally of his "technical violations" under Code § 19.2-306.1 because "technical violations"

---

[2] "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013).

[3] The 2015 revocation order does not state the basis for the revocation; it merely states that "the completed Sentencing Guidelines Revocation Report [had been made] a part of the record." The sentencing revocation report dated September 21, 2015, signed by the trial judge, states that appellant was charged with a Condition 1 violation (failure to obey the law) and a "special condition" violation (failure to pay restitution) and that he had been found in violation.

did not exist until Code § 19.2-306.1 was enacted on July 1, 2021. Thus, appellant argued that the current violations were his first "technical violations."

The Commonwealth did not dispute that Code § 19.2-306.1 applied to the revocation proceedings. Instead, it challenged appellant's argument that "technical violations" did not exist before the statute's enactment in July 2021. It presented testimony from appellant's probation officer that the term "technical violation" had been used by parole and probation as early as 2010 to refer to violations of Conditions 2 through 7 of supervised probation. Appellant's probation officer testified that, before the revocation hearing, appellant had a technical violation of "Condition 6" in 2011 and another technical violation of "Condition[s] 6 and . . . 8" in 2012. The probation officer testified that appellant had a third technical violation in 2015, but he did not specify the nature of that violation. Moreover, the probation officer testified that appellant had a "law" violation in 2015 that was not a "technical" violation. The Commonwealth argued that the term "technical violation" in Code § 19.2-306.1 was not a new legal concept, but rather "a word . . . in common usage . . . [adopted] by the legislature."

The trial court found that appellant had at least three "technical violations." It revoked the balance of appellant's suspended sentences on his convictions for breaking and entering and destruction of property.[4] This appeal followed.

ANALYSIS

I. Code § 19.2-306.1 governed appellant's revocation proceedings.

"On an appeal of probation revocation, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Heart v.*

---

[4] The trial court's revocation order states it "[r]eimpose[s]" two years and six months with respect to each of appellant's suspended sentences. As the Commonwealth notes, appellant did not object to this finding at the revocation hearing; nor does he challenge it on appeal. Accordingly, this Court does not address here whether the revocation order accurately recites the revocation history.

*Commonwealth*, 75 Va. App. 453, 460 (2022) (quoting *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022)). But "an issue of statutory interpretation is a pure question of law[,] which we review de novo." *Id.* (quoting *Green*, 75 Va. App. at 76).

The Commonwealth asserts at the outset that Code § 19.2-306.1 did not apply at appellant's revocation hearing. This Court disagrees, given the holding in *Heart*. In that case, both the Commonwealth and the defendant agreed to proceed under Code § 19.2-306.1. *Id.* at 465. Code § 19.2-306.1 likewise applies to appellant's revocation proceeding because the arguments and evidence presented at the hearing demonstrate both parties' agreement that the new statute controlled the proceedings. *See id.* at 463 (holding that new non-retroactive law will still be applied to proceedings where "the parties all agreed to proceed under the new law").

Consequently, the trial court imposed sentences consistent with the new mandates of Code § 19.2-306.1 after finding appellant had committed at least three technical violations. At no point during the proceedings below did the Commonwealth claim that the new statutory regime did not apply; it instead disputed appellant's claim that prior probation violations could not be considered under the new statute. In support of that position, the Commonwealth presented evidence concerning the nature of appellant's prior probation violations, including testimony characterizing at least two of them as technical violations.

Therefore, the trial court correctly conducted the August 2021 revocation hearing and sentencing in accordance with the post-July 1 statutes.

## II. The record supports the trial court's judgment.

Despite the foregoing, appellant now asserts that the trial court "implicitly. . . ruled that Code § 19.2-306.1 did *not* apply in [his] revocation hearing" and such ruling was error because

the statute "became effective on July 1, 2021, before [his] revocation hearing."[5] (Emphasis added). That argument, however, ignores the court's express finding that appellant had at least three "*technical* violations." (Emphasis added). Thus, the record plainly demonstrates that the trial court applied Code § 19.2-306.1 in reaching its sentencing decision.[6]

Appellant further contends that the trial court incorrectly determined his number of technical violations because: (1) the current technical violations at issue in the August 2021 hearing could not be "considered separate technical violations for the purposes of sentencing,"[7] and (2) the instant violations constituted only a "second technical violation" for which there was a "presumption against . . . active incarceration" under Code § 19.2-306.1(C).[8] Assuming without

---

[5] Appellant asserts that the statute in effect at the time of the revocation *hearing* itself controls the court's analysis, and he claims the trial court concluded otherwise because the revocation *proceedings*—capias was issued in September 2020 and executed in April 2021—commenced prior to the effective date of Code § 19.2-306.1. However, because both parties agreed to proceed under Code § 19.2-306.1, judicial restraint dictates that this Court need not address appellant's moot argument.

[6] Appellant also maintains that "the plain language of . . . Code § 19.2-306.1 shows that the General Assembly intended to require trial courts to follow the new statutory decision procedure and apply the statutory limits on active incarceration in all probation violation cases." He contends that *Green* was wrongly decided and should be overturned. Because the parties consented to the application of Code § 19.2-306.1, this Court need not address those arguments. *See Matzuk v. Price*, 70 Va. App. 474, 481 n.6 (2019) (noting that "Virginia courts 'strive to decide cases on the "best and narrowest grounds available"'" (quoting *Alexandria Redevelopment and Hous. Auth. v. Walker*, 290 Va. 150, 156 (2015))).
    Nevertheless, this Court reiterates that "[w]e are not at liberty to ignore the decision of a previous panel." *Towler v. Commonwealth*, 59 Va. App. 284, 293 (2011) (quoting *Collins v. Commonwealth*, 30 Va. App. 443, 449 (1999)). Under the interpanel accord doctrine, a decision by a panel of this Court "cannot be overruled except by the Court of Appeals sitting *en banc* or by the Virginia Supreme Court." *Id.* (quoting *Clinchfield Coal Co. v. Reed*, 40 Va. App. 69, 73 (2003)).

[7] Code § 19.2-306.1(A).

[8] Appellant provides no explanation on appeal for his calculation that the instant violations are only his "second technical violation" rather than his third. And he does not otherwise contend that the trial court's sentences were an abuse of discretion.

deciding that appellant properly preserved his arguments for appellate review, those arguments nevertheless fail on their merits.[9]

Before the trial court issued the 2020 capias, appellant had accrued at least two separate technical violations: his 2011 violation of failing to follow his probation officer's instructions; and his 2012 violation of failing to follow his probation officer's instructions and using marijuana. *See* Code § 19.2-306.1(A)(v), (vii). Admittedly, the term "technical violation" did not exist in a statute prior to the enactment of Code § 19.2-306.1 in July 2021. However, the General Assembly's use of that term in Code § 19.2-306.1 simply reflects its intent to clearly categorize existing types of probation violations by classifying them according to the nature of the violative conduct. The purpose of this approach was to restrict the court's ability to impose a period of active incarceration for low-level violations without first giving the defendant a second chance to comply with probation. *See* Code § 19.2-306.1(A)-(C); *Heart*, 75 Va. App. at 470 ("[T]he purpose behind the statutory changes . . . was clearly to treat technical violations less harshly than non-technical violations.").[10]

---

[9] The Commonwealth asserts that appellant has failed to preserve his arguments because the particular arguments he raised below do not match those in his appellate brief. Namely, during the revocation hearing, appellant claimed that his prior probation violations could not be considered under Code § 19.2-306.1. However, because the general issue appellant argued below, as he does on appeal, is that he had not accumulated the requisite number of technical violations to warrant incarceration, this Court assumes without deciding that his argument was sufficiently preserved as to the number of technical violations calculated by the trial court.

As explained herein, this Court ultimately concludes that the trial court did not err in finding appellant had at least three technical violations which justified its imposition of active incarceration, regardless of whether the court applied newly enacted Code § 19.2-306.1 or former Code § 19.2-306. Indeed, a finding of two or more prior technical violations was unnecessary, for purposes of sentencing, under the old revocation scheme. *See Heart*, 75 Va. App. at 453 (noting that under the old statutory scheme, Code § 19.2-306(C) required the trial court to revoke the entire sentence, but granted the court discretion to resuspend all or any part of the sentence).

[10] *See* Code § 19.2-306.1, which is titled: "Limitation on sentence upon revocation of suspension of sentence."

The new statute did *not* redefine or expand the scope of conduct constituting a probation violation. Rather, the legislature merely determined which of the existing types of prohibited conduct should fall into the "technical violation" category, for which subsection (C) now restricts a trial court's sentencing discretion.

As discussed above, given that both parties agreed to proceed under Code § 19.2-306.1 in the trial court, this Court has no cause to conduct a retroactivity analysis. Instead, the issue raised on appeal is whether the trial court complied with the specific provisions of Code § 19.2-306.1 in imposing its sentences. Neither *Green* nor *Heart* stands for the proposition, as appellant appears to suggest, that a trial court governed by Code § 19.2-306.1 cannot consider the nature of prior probation violations to determine under which sentencing provision of the new statute it must proceed.

Based on subsection (C) of Code § 19.2-306.1, a court's sentencing options for technical violations are restricted by the number of separate times it has found that the probationer engaged in the violative conduct listed in subsection (A).[11] As relevant here, subsection (A) instructs the court to treat as "technical violation[s]" a probationer's failure to: "(i) report any arrest, including traffic tickets, within three days to the probation officer;" "(v) follow the instructions of the probation officer, be truthful and cooperative, and report as instructed;" "(vii) refrain from the use, possession, or distribution of controlled substances or related paraphernalia;" or "(ix) gain permission to change his residence or remain in the Commonwealth or other designated area without permission of the probation officer." Code § 19.2-306.1(A).

Appellant's probation violation in 2011 consisted solely of his failure to follow the instructions of his probation officer—a technical violation. Code § 19.2-306.1(A)(v). He

---

[11] These mandatory sentencing restrictions are limitations the legislature has placed on the court's sentencing discretion, not mandatory sentences of increasing severity for probationers who commit multiple technical violations.

committed that same violation again in 2012, along with a violation of Code § 19.2-306.1(A)(vii) for his use of marijuana, which is also a technical violation.[12]  Thus, based on the subsequent set of violations alleged in the 2020 major violation report and resulting capias, appellant appeared before the trial court in 2021 on his "third or subsequent technical violation."  Code § 19.2-306.1(C).  After finding that the probationer has committed a "third or subsequent technical violation," "[t]he [trial] court may impose whatever sentence might have been originally imposed."  *Id.*  Accordingly, the trial court did not abuse its discretion by revoking the balance of appellant's suspended sentences.

CONCLUSION

For the reasons stated herein, the trial court's judgment is affirmed.

*Affirmed.*

---

[12] These violations are considered as one technical violation.  Code § 19.2-306.1(A) ("Multiple technical violations . . . considered at the same revocation hearing shall not be considered separate technical violations for the purposes of sentencing pursuant to this section.").