COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, Lorish and Senior Judge Petty

JONATHAN LEE OGLE

v.     Record No. 1613-22-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION\*
PER CURIAM
JULY 25, 2023

FROM THE CIRCUIT COURT OF STAFFORD COUNTY
Charles S. Sharp, Judge Designate

(James Joseph Ilijevich, on brief), for appellant.

(Jason S. Miyares, Attorney General; Michael L. Eaton, Assistant
Attorney General, on brief), for appellee.


The trial court found Jonathan Lee Ogle in violation of his probation and imposed one year

of active incarceration. Ogle argues that his failure to complete a required mental health assessment

was not a "special condition" of his probation but instead was a "technical violation" under Code

§ 19.2-306.1. Thus, Ogle asks us to find the court erred by sentencing him to more than 14 days of

active incarceration. Ogle also argues that the evidence was insufficient to prove he "willfully

violated" the probation condition relating to a required mental health assessment because he had

been at liberty for only 40 days when the probation officer charged him with the violation. After

examining the briefs and record in this case, the panel unanimously holds that oral argument is

unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

We affirm the judgment.

---

\* This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND[1]

Ogle was arrested for new drug offenses in 2019, while he was on probation for several prior drug convictions from 2009 and 2011. His probation officer notified the court that he had received new charges, and these charges were used as the basis for a probation violation for all of his past drug offenses. In October 2019, the trial court found he had violated his probation and revoked all twenty-nine years and six months of the previously suspended sentences for these older offenses, re-suspended all that time, and as a condition of that suspension, placed Ogle on a condition of good behavior for five years but removed Ogle from supervised probation.

In 2020, the trial court then sentenced Ogle for the new offenses of possessing a controlled substance and distributing a controlled substance. The court sentenced him to twelve years and two months, but suspended nine years on the condition that Ogle be on probation "for an indefinite period of time not to exceed ten (10) years" and that "[p]robation shall further include a mental health assessment and the defendant shall comply with all recommendations."

Ogle began his new period of supervised probation on July 5, 2022. By major violation report (MVR) dated August 2022, Ogle's probation officer alleged that he violated Condition 8—refrain from use of illegal drugs—by admittedly using Suboxone without a prescription and twice testing positively for heroin, methamphetamine, fentanyl, and opiates. The MVR also stated that Ogle had failed to complete the required mental health assessment.

In October 2022, Ogle's probation officer submitted an MVR addendum stating that Ogle was "not amenable to supervised probation." The officer wrote that on each occasion that Ogle began probation, "he [wa]s returned to incarceration via a PB15 with in 3 months of being

---

[1] "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

release[d] from serving a prison sentence." Ogle admitted using Suboxone while incarcerated for his convictions. He was released from incarceration for only about one month before his most recent arrest. During that time, he had "failed to comply with his special condition to complete a mental health evaluation" and had yet another positive drug screen in August 2022.

At the October 2022 revocation hearing, Ogle stipulated that the evidence supported his violation of probation and the trial court found him guilty of violating the terms of his probation. The trial court accepted and incorporated into the record the MVR and the addendum. During argument, defense counsel stated, "The mental health assessment is the primary issue of whether we are dealing with a special condition at this time." Counsel averred that, in reviewing the 2020 sentencing order, "it's unclear exactly whether it is a special condition or not." Then counsel said, "we would submit that it is not considered a special condition and that he is here on what would be considered a first technical violation as set forth by the code." The court asked counsel whether he would "acknowledge that the records indicate that he's previously been found in - - in violation of probation, for which he received a two year sentence back in 2010." Ogle's counsel agreed but explained that he was taken "off of that probation" and that "this was a restart of probation."

Counsel then argued that Ogle had been released from prison for only about 40 days and claimed that he was "working on getting the mental health assessment." Considering these factors and that Ogle had ongoing struggles with drugs, defense counsel specifically asked the trial court to impose an active sentence at the low end of the sentencing guidelines, which was three months. The Commonwealth argued that the trial court had been "lenient enough" with Ogle in the past and that the mental health assessment was a "special condition," and it urged the trial court to sentence Ogle to an active term of at least one year, which was the high end of the sentencing guidelines. After allowing Ogle an opportunity to speak in his own behalf, the trial

court revoked Ogle's remaining suspended sentences and resuspended all but one year. The trial court released Ogle from further probation. This appeal followed.

ANALYSIS

Ogle argues that the trial court erred in classifying the requirement to obtain a mental health assessment as a "special condition." But none of the specifically enumerated technical violations in Code § 19.2-306.1(A) include the requirement that a defendant participate in a "mental health assessment . . . and comply with all recommendations," which is what the court's order specifically required. Ogle's speculation that a "mental health assessment would have been arranged, with the knowledge and assistance of the probation officer" and that following the directions of a probation officer is listed as a technical violation does nothing to change the text of Code § 19.2-306.1(A). Probation did not decide that Ogle should complete a mental health assessment, the court did. Therefore, the court did not err in treating this violation as a special condition.

Ogle also argues that the trial court erred by not actually determining "whether or not the matter before the court, the Appellant's probation violation, was a first or second technical violation" with "a maximum sentence of no more than fourteen days upon a finding of guilt." We disagree because the record shows the court did determine Ogle violated a "special condition" of his probation. The sentencing revocation report prepared prior to the probation violation hearing classified Ogle's new use of a controlled substance (prohibited by Condition 8), as a "technical violation," and separately listed Ogle's violation for failing to "follow special conditions/instructions" as "mental health evaluation." The guidelines range was prepared using the worksheet for a third or subsequent technical violation, or a special condition violation, and produced a range of three months to one year of active incarceration. In sentencing Ogle to the high end of that guideline range, the trial court determined that the Ogle violated a special condition of

his probation and rejected counsel's argument that the failure to complete the mental health assessment was a "technical violation." In any event, the burden to obtain a ruling from a trial court on a particular issue falls on the moving party. *Ohree v. Commonwealth*, 26 Va. App. 299, 308 (1998); *see also Fisher v. Commonwealth*, 16 Va. App. 447, 454 (1993). If the court did fail to determine this issue, the fault would be Ogle's.

Finally, Ogle argues that he did not willfully violate his probation because he had been released from prison for only a short time and, he claimed, had attempted to obtain the mental health assessment. However, Ogle stipulated that he violated his probation as charged, which included the condition that he obtain a mental health assessment. "[I]n any case in which the court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period[.]" Code § 19.2-306(A). Upon the record and Ogle's stipulation of guilt, the trial court was entitled to find him in violation. *See id.*

## CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.[2]

*Affirmed and remanded.*

---

[2] In October 2019, the court found Ogle in violation of his probation for his 2009 and 2010 convictions and although he remained subject to a suspended sentence of twenty-nine years and six months, he was removed from supervised probation for these offenses and was only placed on supervised probation as part of his 2020 convictions. The October 2022 sentencing order states that all of Ogle's previously suspended time (for his 2009, 2010, and 2020 convictions) was revoked because of a "[v]iolation of [p]robation" and that all but one year of his total sentence was re-suspended. The "sentencing summary" of the order then states the total sentence revoked was nine years. Consequently, we remand the case to the circuit court for the limited purpose of correcting any scrivener's errors in the final order, pursuant to Code § 8.01-428(B).