COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Chief Judge Decker, Judges Malveaux and Raphael

STANLEY MCCOY RUFFIN

MEMORANDUM OPINION*

v.     Record No. 2039-23-1                              PER CURIAM
                                                          OCTOBER 22, 2024

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Jerrauld C. Jones, Judge

(Cole M. Roberts; Law Office of Eric Korslund, P.L.L.C., on brief),
for appellant. Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Linda R. Scott, Senior
Assistant Attorney General, on brief), for appellee.


Following new criminal convictions, the trial court revoked the previously suspended

sentences of Stanley McCoy Ruffin ("appellant") and resuspended all but 60 days. On appeal,

appellant argues the trial court abused its discretion in revoking his previously suspended

sentences because the evidence was insufficient to find him guilty of new criminal offenses, and

therefore he did not violate the terms of his probation. But this Court affirmed appellant's

convictions on the new offenses. *See Ruffin v. Commonwealth*, No. 2040-23-1, slip op. at 2, 7

(Va. Ct. App. Oct. 22, 2024) (this day decided). Accordingly, after examining the briefs and

record in this case, the panel unanimously holds that oral argument is unnecessary because "the

appeal is wholly without merit," and affirms the trial court's separate judgment revoking appellant's

previously suspended sentences. Code § 17.1-403(ii)(a); *see also* Rule 5A:27(a).

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

## I. BACKGROUND

In reviewing a probation revocation ruling, "[t]he evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013).

In 2015, pursuant to a plea agreement, appellant pleaded guilty to distribution of heroin, in violation of Code § 18.2-248; distribution of a controlled substance on school property, in violation of Code § 18.2-255.2; carrying a concealed weapon, in violation of Code § 18.2-308; and possession of a firearm while possessing a controlled substance with intent to distribute, in violation of Code § 18.2-308.4.[1] The trial court sentenced appellant to a total of 15 years and 9 months' incarceration, with 10 years suspended. As a condition of his suspended sentences, the trial court required appellant to participate in supervised probation and "be of uniform good behavior" for ten years after his release.

The trial court convicted appellant of new felony offenses on June 1, 2023, while appellant remained under the terms of his suspended sentences.[2] The trial court issued a probation violation capias for, among other things, appellant's failure to obey Virginia laws. At his revocation hearing, appellant entered a plea of "not guilty to the violation" but "stipulate[d] that there[ was] sufficient evidence to find him in violation." He acknowledged that the trial court had convicted him of the new offenses and presently had "the conviction order . . . [as] evidence before it," but explained that he "maintain[ed] his innocence" respecting the new convictions and "did not violate his probation."

---

[1] Judge Junius P. Fulton, III presided over the 2015 proceedings in the circuit court. Subsequently elected to this Court, Judge Fulton did not participate in the consideration or resolution of this appeal.

[2] Appellant was convicted of two counts of possession of a controlled substance, in violation of Code § 18.2-250; carrying a concealed weapon (second offense), in violation of Code § 18.2-308; possessing a firearm while possessing a controlled substance, in violation of Code § 18.2-308.4; possessing a firearm within ten years of a non-violent felony conviction, in violation of Code § 18.2-308.2; and misdemeanor obstruction of justice, in violation of Code § 18.2-460.

Appellant's "intention [was] to appeal both [matters] and have them consolidated for the Court of Appeals." The trial court found that appellant had violated the terms of his suspended sentences, and revoked 10 years of those sentences, resuspending all but 60 days.

This appeal followed.

## II. ANALYSIS

Appellant contends the trial court abused its discretion in revoking his previously suspended sentences, because the evidence was insufficient to find him guilty of new criminal offenses, and therefore appellant did not violate the terms of his probation.

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs*, 61 Va. App. at 535 (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "[T]he abuse of discretion standard requires a reviewing court to show enough deference to a primary decisionmaker's judgment that the [reviewing] court does not reverse merely because it would have come to a different result in the first instance." *Commonwealth v. Thomas*, 73 Va. App. 121, 127 (2021) (alterations in original) (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 212 (2013)). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Commonwealth v. Barney*, 302 Va. 84, 94 (2023) (quoting *Grattan v. Commonwealth*, 278 Va. 602, 620 (2009)).

Appellant argues that the evidence presented at the trial on the new offenses failed to prove his guilt, and thus could not prove he had violated the conditions of his probation. But we have affirmed the trial court's order convicting and sentencing appellant for those new criminal convictions. *See Ruffin*, slip op. at 2, 7. Because the evidence was sufficient to convict appellant of those new offenses, it was sufficient here to support the trial court's finding that appellant violated the terms of his suspended sentences when he committed those offenses during the suspension

period.  Therefore, we find no abuse of the trial court's discretion when it revoked appellant's previously suspended sentences.

## III.  CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*