COURT OF APPEALS OF VIRGINIA

Present: Judges Athey, Ortiz and Lorish

DIMANTRE LASHAWN HALL-RANDALL

v.      Record No. 0142-22-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
NOVEMBER 22, 2022

FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
Carl E. Eason, Jr., Judge

(Brittany Barnes, Assistant Public Defender II, on brief), for
appellant.

(Jason S. Miyares, Attorney General; David A. Mick, Assistant
Attorney General, on brief), for appellee.

Dimantre Lashawn Hall-Randall appeals from the judgment of the Circuit Court for the City

of Suffolk revoking his previously suspended sentences and imposing a total active sentence of five

years and eleven months. Hall-Randall contends that the trial court abused its discretion in

imposing this sentence. We affirm the judgment of the trial court.[1]

BACKGROUND[2]

In 2017, Hall-Randall pled guilty to statutory burglary and grand larceny. The trial court

sentenced him to five years, with four years and eleven months suspended, on the burglary charge

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Oral argument is unnecessary here because "the dispositive" issue in this appeal has been "authoritatively decided, and the appellant has not argued that the case law should be overturned, extended, modified, or reversed." Code § 17.1-403(ii)(b); Rule 5A:27(b).

[2] "In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018) (quoting *Scott v. Commonwealth*, 292 Va. 380, 381 (2016)).

and three years, all suspended, on the grand larceny charge. The sentences were suspended on the condition that Hall-Randall successfully complete a term of probation.

In August 2018, the trial court revoked Hall-Randall's suspended sentences and re-suspended two years and eleven months on the burglary charge and three years on the grand larceny charge, resulting in an active period of incarceration of two years. The court concluded Hall-Randall had violated his probation by committing new felony and misdemeanor offenses in the cities of Suffolk and Portsmouth.

In June 2021, Hall-Randall's probation officer filed a new major violation report in the trial court alleging that Hall-Randall violated Conditions 1, 6, 8, and 9 of his probation by incurring new misdemeanor traffic offenses, failing to follow the probation officer's instructions, continuing to associate with gang members, displaying gang insignias, possessing firearms in photos he posted on social media, and possessing marijuana with the intent to distribute. The probation officer also submitted sentencing guidelines, which suggested a range of punishment of six months at the low end, to one year and six months at the high end. Addenda to the major violation report added that Hall-Randall was also convicted of felonies in the Portsmouth and Chesapeake circuit courts during his term of probation.

At a hearing on the probation violation, Hall-Randall stipulated that he had violated his probation. Relevant to sentencing, the Commonwealth proffered that Hall-Randall had thirteen prior felony convictions, including, but not limited to, the two underlying felonies for which he was before the court, two burglaries and two grand larcenies from the City of Portsmouth, two possession of a firearm by a felon convictions in Portsmouth, and a felony eluding conviction in Chesapeake.

After the Commonwealth's evidence was admitted, Hall-Randall proffered that he received one year and eleven months to serve on the two new felony convictions in Portsmouth and

Chesapeake and that "he's had time to sit down and think about the ways he needs to change his life once he is ultimately released." Hall-Randall explained that, before his most recent incarceration, he had been working at the shipyard, that job was still available to him, and he planned to resume that employment upon his release. He was also enrolled at a community college and intended to study engineering. Hall-Randall's girlfriend was present in the courtroom to support him. Hall-Randall told the judge that he would live with her and his stepson when he got out of jail. Lastly, Hall-Randall explained that he had been actively getting treatment for a number of mental health issues and that he would continue that treatment on his release from incarceration.

The Commonwealth argued in closing that the trial court should specifically consider Hall-Randall's criminal history, the fact that this was his second probation violation, that he was back before the court with new felony convictions, and that the major violation report (which included photographs from his social media accounts) showed he was involved with gang activity. The Commonwealth emphasized that Hall-Randall was "associating with known gang members, he's flashing gang symbols, and he's possessing a firearm on social media." The Commonwealth concluded, "Judge, when you combine the gang activity and firearms, it's just a red flag for the Commonwealth. That is such a danger to the community." As a result, the Commonwealth asked the trial court to impose the full remaining sentences of five years and eleven months.

Hall-Randall asked the trial court to remain within the sentencing guidelines and "go toward the low end." He asked the trial court to consider the active sentences he received in the other jurisdictions, the fact that he stipulated to the violation, that he promised to stay away from Portsmouth, "a rough place to grow up," that he intended to remain employed, and that he would continue with his education. As to his connections to gang members, Hall-Randall suggested that "sometimes the association with gang members is a matter of associating with the people that you've been around your whole life in your neighborhood." He again shared his willingness to treat

his mental health issues, and he reminded the court that he was only twenty-three years old.  In allocution, Hall-Randall told the trial court that he took "full responsibility" for his actions and said that he "learned a lot" during his recent incarceration.  He wanted to continue "to better himself and improve."

The trial court concluded that "based upon everything in front of [it]," Hall-Randall had not "learned [any] lesson[s]" and that he was a danger to the community.  The court observed that this was the second time Hall-Randall was before the court having been convicted of felonies, and it noted that both times "those new convictions involved firearm issues."  The trial court revoked the suspended sentences and ordered that they be served in their entirety.  Hall-Randall appealed.

ANALYSIS

Hall-Randall argues that the trial court abused its discretion in revoking his suspended sentences and ordering that they be served in their entirety.  He contends that the trial court did not consider the mitigating factors and that it gave improper weight to the aggravating factors, resulting in "an arbitrary action by the court that failed to foster the goals of rehabilitation," resulting in an "unnecessarily harsh and cruel sentence."

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court."  Code § 19.2-306(A).  "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'"  *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)).

> An abuse of discretion . . . can occur in three principal ways: when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment.

*Landrum v. Chippenham & Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011) (quoting *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Jacobs*, 61 Va. App. at 535.

Under Code § 19.2-306(C), if the trial court finds good cause to believe that the defendant has violated the terms of their suspension, the court may revoke the suspension and impose a new sentence. The court can then suspend "all or any part of this sentence for a period up to the statutory maximum period for which the defendant might originally have been sentenced . . . less any time already served, and may place the defendant upon terms and conditions or probation." Code § 19.2-306(C). Hall-Randall does not contend that the trial court lacked sufficient cause to revoke his suspended sentences; indeed, he stipulated that he had violated the terms of his probation. Thus, the court was permitted to "revoke the suspension and impose or resuspend any or all of that period previously suspended." Code § 19.2-306.1(B). We now consider whether the trial court abused its discretion in reimposing all of Hall-Randall's suspended time.

Hall-Randall argues that the trial court did not consider the mitigating evidence that he presented. At the hearing, he told the court that he already served one year in jail on the eluding charge in Chesapeake, that he had been employed and could return to his position upon his release, that he was enrolled in school, that he had a stable living situation with his girlfriend, and that he was receiving mental health treatment. He also told the trial court that he accepted responsibility for his actions and wanted to better himself and improve. While the trial court did not specifically comment on this mitigating evidence in explaining its decision, the court listened to arguments from both sides of the controversy and expressly stated that its decision was "based on everything in front of [it]."

The other evidence before the court was that this was Hall-Randall's second probation violation for felony offenses he originally committed in 2017. Since then, he had committed new

- 5 -

felony and misdemeanor offenses in Suffolk and Portsmouth, leading to his first violation of probation. And then during his second term of probation, he again committed new felony offenses, including possession of a firearm by a felon and eluding the police. Hall-Randall also failed to follow his probation officer's instructions, associated with gang members, displayed gang insignia, possessed firearms as depicted in his social media, and sold marijuana. In total, he had thirteen prior felony convictions on his criminal record. The trial court said it considered the "conduct that you have been engaging in over the last four or five years" and found a "continuing pattern of just engaging in felony criminal conduct" and that he was "a danger to the community." These facts supported the trial court's observation that Hall-Randall had not learned any lessons from his prior interactions with the court. The record fails to show that the trial court abused its discretion by concluding there were aggravating factors that required a sentence above the guideline range despite Hall-Randall's presentation of some mitigating evidence.

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). And the General Assembly has provided trial courts with "wide latitude . . . in fashioning rehabilitative programs for defendants." *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Nuckoles v. Commonwealth*, 12 Va. App. 1083, 1085 (1991)). The sentence the trial court imposed represents a proper exercise of its sentencing discretion.

CONCLUSION

For these reasons, the circuit court's judgment is affirmed.

*Affirmed.*