COURT OF APPEALS OF VIRGINIA

Present: Judges Friedman, Callins and White

CORBYN NICOLE MILLER

v.     Record No. 1192-22-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE FRANK K. FRIEDMAN
FEBRUARY 7, 2023

FROM THE CIRCUIT COURT OF THE CITY OF STAUNTON
Anne F. Reed, Judge

(Brett P. Blobaum, Senior Appellate Attorney; Indigent Defense
Commission, on brief), for appellant. Appellant submitting on
brief.

(Jason S. Miyares, Attorney General; Ken J. Baldassari, Assistant
Attorney General, on brief), for appellee. Appellee submitting on
brief.

Corbyn Nicole Miller appeals from the judgment of the trial court revoking her two

previously suspended sentences and imposing 364 days of active incarceration on one of those

sentences. Miller contends that the trial court erred in finding that she had violated a special

condition of her probation when she failed a drug test. She further argues that the trial court

abused its discretion in imposing 364 days of active incarceration for what she contends was a

first technical violation of her probation.

BACKGROUND

"In revocation appeals, the trial court's 'findings of fact and judgment will not be

reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61

Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

On September 29, 2016, the Staunton circuit court convicted Miller of robbery and sentenced her to ten years of imprisonment, with nine years and eleven months suspended. Miller was also placed on ten years of supervised probation; the circuit court did not impose any special conditions on her probation requiring her to abstain from illegal drugs.

On October 25, 2021, the Staunton circuit court convicted Miller of possessing a weapon as a felon and sentenced her to two years of imprisonment, all suspended. She was also placed on two years of supervised probation; a condition of this probation was to "refrain from the use of any illegal drug, marijuana, poppy seeds, CBD oil, and/or hemp" and to "submit to random and observed drug screens."

On June 13, 2022, the Staunton circuit court found Miller in violation of her probation on the robbery conviction based in part upon her new weapon conviction. The revocation order specifies that Miller was found guilty of a Condition 1 violation.[1] Miller had nine years and eleven months of revocable time; the court revoked and resuspended her entire sentence and ordered that Miller "return to supervised probation for the same term and conditions as previously sentenced."

Four days later, Miller's probation officer filed major violation reports on both the robbery and weapon cases, alleging that Miller had violated Condition 8 of her probation—to refrain from illegal drug use—by testing positive for fentanyl. This positive test occurred on June 14, 2022, the day after her previous revocation hearing.

---

[1] A Condition 1 violation is described by the sentencing revocation report as "Fail to obey all Federal, State, and local laws."

At the revocation hearing that followed, the Commonwealth presented evidence of Miller's positive drug test for fentanyl. As to both cases, the trial court found Miller in violation of both general and special conditions against illegal drug use.[2] The trial court revoked all nine years and eleven months on Miller's robbery charge and resuspended all but 364 days. On the weapon charge, the trial court revoked and resuspended Miller's two-year sentence, imposing no active time. This appeal followed.

ANALYSIS

Miller argues that the trial court erred in three ways: by refusing to find that her use of a controlled substance was a technical violation under Code § 19.2-306.1, by abusing its discretion in sentencing her to 364 days of active jail time, and by finding that Miller had violated a special condition of her robbery probation.[3] "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022) (quoting *Jacobs*, 61 Va. App. at 535). "[B]y definition, a trial court '"abuses its discretion when it makes an error of law."'" *Khine v. Commonwealth*, 75 Va. App. 435, 444 (2022) (quoting *Porter v. Commonwealth*, 276 Va. 203, 260 (2008)).

"Under well-established principles, an issue of statutory interpretation is a pure question of law which we review *de novo*." *Delaune v. Commonwealth*, ___Va. App. ___, ___ (Jan. 10,

---

[2] In the sentencing revocation report, the trial court erroneously identified the general condition violation as Condition 6 ("fail to follow instructions, be truthful, and cooperative") when it should have indicated a violation of Condition 8 ("use, possess, distribute controlled substances or paraphernalia"). Nonetheless, both are technical violations under Code § 19.2-306.1.

[3] Although Miller asks this Court to apply the ends of justice exception to review her claims, her request that the trial court find that this was her first technical violation properly preserved her argument. Under Code § 8.01-384(A), "it shall be sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take." Thus, we address her challenge on the merits.

2023) (quoting *Heart v. Commonwealth*, 75 Va. App. 453, 465 (2022)). "When construing a statute, our primary objective is 'to ascertain and give effect to legislative intent,' as expressed by the language used in the statute." *Cuccinelli v. Rector, Visitors of Univ. of Virginia*, 283 Va. 420, 425 (2012) (quoting *Commonwealth v. Amerson*, 281 Va. 414, 418 (2011)).

Code § 19.2-306.1 reads in pertinent part:

A. *For the purposes of this section, "technical violation" means a violation based on the probationer's failure to* (i) report any arrest, including traffic tickets, within three days to the probation officer; (ii) maintain regular employment or notify the probation officer of any changes in employment; (iii) report within three days of release from incarceration; (iv) permit the probation officer to visit his home and place of employment; (v) follow the instructions of the probation officer, be truthful and cooperative, and report as instructed; (vi) refrain from the use of alcoholic beverages to the extent that it disrupts or interferes with his employment or orderly conduct; (vii) *refrain from the use, possession, or distribution of controlled substances or related paraphernalia*; (viii) refrain from the use, ownership, possession, or transportation of a firearm; (ix) gain permission to change his residence or remain in the Commonwealth or other designated area without permission of the probation officer; or (x) maintain contact with the probation officer whereby his whereabouts are no longer known to the probation officer. Multiple technical violations arising from a single course of conduct or a single incident or considered at the same revocation hearing shall not be considered separate technical violations for the purposes of sentencing pursuant to this section.

B. If the court finds the basis of a violation of the terms and conditions of a suspended sentence or probation is that the defendant was convicted of a criminal offense that was committed after the date of the suspension, or has violated another condition other than (i) a technical violation or (ii) a good conduct violation that did not result in a criminal conviction, then the court may revoke the suspension and impose or resuspend any or all of that period previously suspended.

C. *The court shall not impose a sentence of a term of active incarceration upon a first technical violation of the terms and conditions of a suspended sentence or probation*, and there shall be a presumption against imposing a sentence of a term of

- 4 -

active incarceration for any second technical violation of the terms and conditions of a suspended sentence or probation. However, if the court finds, by a preponderance of the evidence, that the defendant committed a second technical violation and he cannot be safely diverted from active incarceration through less restrictive means, the court may impose not more than 14 days of active incarceration for a second technical violation. The court may impose whatever sentence might have been originally imposed for a third or subsequent technical violation. . . .

(Emphases added).

### 1. Revocation on Robbery Conviction

The trial court's records on Miller's original robbery conviction reveal that, while Miller was ordered to comply with supervised probation, the court did not impose any special condition that Miller refrain from the use of illegal drugs. It is therefore clear that under the statutory definitions in Code § 19.2-306.1, Miller's use of fentanyl was a technical violation of her probation. And "Code § 19.2-306.1 contains specific limitations on sentencing that apply when a circuit court bases its revocation of a suspended sentence on what the statute refers to as certain 'technical violations' enumerated in the statute." *Green*, 75 Va. App. at 75.

While Miller had previously been found guilty of violating her robbery probation, her previous revocation was based on new criminal convictions and was therefore not a technical violation under Code § 19.2-306.1(A). Thus, the present violation for drug use was Miller's first technical violation on this case. *See Heart*, 75 Va. App. at 469. Under Code § 19.2-306.1, the trial court could not impose a term of active incarceration for Miller's first technical violation. Therefore, we find that the trial court erred when it ruled that Miller had violated a special condition of her probation and when it imposed a term of 364 days of active incarceration on this case.

## 2. Revocation on Weapon Conviction

The trial court's records show that Miller's probation on the weapon charge included a condition to "refrain from the use of any illegal drug, marijuana, poppy seeds, CBD oil, and/or hemp" and to "submit to random and observed drug screens." On appeal, Miller argues that her illegal drug use constituted a technical violation of her probation under Code § 19.2-306.1, regardless of whether the court had specifically ordered that she refrain from illegal drug use as a condition of her probation.

In the recently decided case of *Delaune v. Commonwealth*, this Court found that Code § 19.2-306.1 "focuses on the underlying violation conduct itself, not the particular language or label a trial court may have used in imposing a condition of probation. When the violation conduct matches the conduct listed in Code § 19.2-306.1(A), it is, by definition, a 'technical violation.'" *Delaune*, ___Va. App. at ___. Here, the conditions on Miller's probation required, in part, that she "refrain from the use of any illegal drug." Code § 19.2-306.1(A) states that it is a technical violation to fail to "refrain from the use . . . of controlled substances." Miller's probation violation at issue here was based solely on her use of fentanyl. Therefore, under *Delaune*, Miller's violation for using fentanyl was a technical violation of probation, despite the additional requirements imposed upon her by the circuit court. We find that the trial court erred in ruling that Miller's failed drug test constituted a violation of a special condition of her probation.

## CONCLUSION

The trial court erred in finding that Miller's conduct violated a special condition of her probation on both the robbery and weapon charges. Her robbery charge did not include any special condition that Miller refrain from the use of illegal drugs, and therefore her failed drug screen was a technical violation of her robbery probation under Code § 19.2-306.1. While Miller

- 6 -

was subject to additional probation conditions for her weapon charge, her drug use constituted only a technical violation on that charge because her violative behavior fell within a delineated technical violation under Code § 19.2-306.1. *See Delaune*, ___Va. App. at ___. The record reveals that the violations at issue were Miller's first technical violations of each of her probationary terms, and as such were not subject to a term of active incarceration. *See* Code § 19.2-306.1(A) ("Multiple technical violations arising from a single course of conduct or a single incident or considered at the same revocation hearing shall not be considered separate technical violations for the purposes of sentencing pursuant to this section."). We therefore find that the trial court also erred in imposing a term of active incarceration on Miller's robbery probation revocation.

We affirm the trial court's ruling that Miller violated the terms of her probation, and we reverse the trial court's judgment insofar as it finds Miller in violation of special conditions of her probation. We vacate Miller's sentences on both probation violations, and we remand both cases for resentencing and entry of a new revocation order consistent with this opinion.

*Reversed in part and remanded.*