COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Huff, Lorish and Senior Judge Petty


LAVELLE DAMON DAVIS

                                                MEMORANDUM OPINION[*]

v.      Record No. 1413-22-1                               PER CURIAM
                                                    APRIL 25, 2023

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
John W. Brown, Judge

(Brett P. Blobaum, Senior Appellate Attorney, Virginia Indigent
Defense Commission, on briefs), for appellant.

(Jason S. Miyares, Attorney General; Stephen J. Sovinsky, Assistant
Attorney General, on brief), for appellee.


Appellant, Lavelle Damon Davis, appeals the judgment of the Circuit Court for the City of

Chesapeake imposing a sentence upon the revocation of his previously suspended sentence. Davis

contends that the trial court abused its discretion by imposing a sentence of one year and six months.

We affirm the judgment of the trial court.[1]

BACKGROUND[2]

Davis pleaded guilty to escaping from custody without force. In June 2013 the trial court

sentenced him to five years' incarceration with three years and six months suspended. In

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413.

[1] Oral argument is unnecessary here because "the dispositive" issue in this appeal has been "authoritatively decided, and the appellant has not argued that the case law should be overturned, extended, modified, or reversed." Code § 17.1-403(ii)(b); Rule 5A:27(b).

[2] "In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018) (quoting *Scott v. Commonwealth*, 292 Va. 380, 381 (2016)).

February 2018, the trial court revoked three months of Davis's suspended sentence. The trial court revoked another two months of his suspended sentence in October 2019. The court revoked Davis's suspended sentence a third time in February 2020, imposing an active sentence of one year and seven months.

Davis finished his term of active incarceration and reentered supervised probation in December 2020. Six months later, his probation officer filed a major violation report alleging that Davis's "previous girlfriend" informed the officer that Davis "no longer resided with her." In addition, Davis had active warrants in Norfolk for petit larceny and assault on a family member. Davis also failed to report for a scheduled appointment with the officer and disregarded the officer's instruction to surrender to the police department. The officer had no contact with Davis after August 23, 2021.

In an April 2022 addendum, the officer reported that Davis was arrested in Norfolk on warrants for "Assault: Malicious Injury Acid/Explosive/Fire" and assault and battery of a family member. In addition, Davis had warrants in Virginia Beach for grand larceny from a person and assault and battery of a family member. The officer had no contact with Davis and did not know his location between August 23, 2021, and his arrest. In a later addendum, the officer reported that the Virginia Beach charges had been nolle prossed and that his charges in Norfolk remained pending.

At the revocation hearing, Davis admitted that he violated the terms of his supervised probation by failing to follow the instructions of the probation officer and absconding from supervision. The trial court found he violated his probation on these admitted grounds.[3]

---

[3] The trial court stated that it would not consider Davis's nolle prossed charges in Virginia Beach or the pending charges in Norfolk.

As for sentencing, Davis testified that he was 31 years old, had 2 children, and was "fully employed" doing landscape work before his arrest in April 2022. At the start of his most recent period of supervision, he lived "off and on" with the mother of his children. He had to leave that residence in March 2021 and "stay[ed] with [his] mother from house to house." He maintained his employment during that period. When asked to explain his difficulty in "meeting up with [his] probation officer as instructed," he stated that his "issues came from . . . always putting everybody first." Davis claimed that he financially supported his mother and the mother of his children. He represented that he would live with his father in Chesapeake if the trial court continued him on probation. Davis admitted that he did not tell the probation officer where he was staying when he was "on the run" between August 2021 and April 2022.

The Commonwealth asked the trial court to revoke the remaining one year and six months of Davis's suspended sentence. The Commonwealth contended that Davis effectively "took himself off of probation" from August 2021 to April 2022, when he was "on the run" from active warrants. Davis, both by counsel and in his allocution, asked the trial court to return him to probation. He acknowledged his previous violations but sought the opportunity to prove to the trial court that he could impose "discipline" on himself and "follow the rules and regulations."

The trial court noted Davis's lengthy criminal record, both as a juvenile and an adult, and that this was Davis's fourth revocation. The court explained that Davis had "plenty of time" to "get some discipline" and prove his ability to succeed on probation but "just ha[d]n't done it." The trial court concluded that this was "just a situation where, for whatever reason," Davis had not "really come around." Accordingly, the trial court revoked the remaining one year and six months of Davis's suspended sentence. The trial court also informed Davis that the court would consider Davis's application to participate in a work release program if Davis submitted one.

Davis now appeals, arguing that the revocation sentence constitutes an abuse of the trial court's discretion.

ANALYSIS

Davis argues that the trial court abused its discretion when it revoked his previously suspended sentence and ordered him to serve an active sentence of one year and six months. He contends that the trial court erred in "weighing the mitigating circumstances against his violation conduct and record."

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "

> An abuse of discretion . . . can occur in three principal ways: when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment.

*Landrum v. Chippenham & Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011) (quoting *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Jacobs*, 61 Va. App. at 535.

Under Code § 19.2-306(C), if the trial court finds good cause to believe that the defendant has violated the terms of their suspension, the court may revoke the suspension and impose a new sentence. The court can then suspend "all or any part of this sentence for a period

up to the statutory maximum period for which the defendant might originally have been sentenced . . . less than any time already served, and may place the defendant upon terms and conditions or probation." Code § 19.2-306(C).

Having found good cause to believe that Davis violated the terms of his supervised probation by failing to follow the instructions of the probation officer and absconding from supervision, the trial court had authority to revoke Davis's suspended sentence and "impose a sentence in accordance with the provisions of § 19.2-306.1."[4] Code § 19.2-306(C). Under Code § 19.2-306.1(C), the trial court was authorized to "impose whatever sentence might have been originally imposed for a third or subsequent technical violation." The trial court also was permitted, but not required, to resuspend all or part of this sentence. Code § 19.2-306(C).

Davis contends that the trial court abused its discretion by improperly weighing his "compelling mitigating circumstances." Davis cites his financial support of his children and his mother, the fact that he did not incur new convictions, and the fact that he "took responsibility for his conduct." He also points out that he has plans to live with his father upon his release and that "[w]hen [he] had a stable residence at the beginning of his supervision period, [his] probation officer referred to his adjustment to supervision as fair," indicating that housing instability contributed to Davis's violation of his probation.

The record reflects that the trial court considered Davis's mitigating circumstances and arguments for a lower sentence. Indeed, the trial court's willingness to consider Davis for a work release program indicates that the court considered his argument that he maintained

---

[4] Davis did not contest at trial, nor does he contest on appeal, that his violation was a "third or subsequent technical violation." Code § 19.2-306.1(C). Further, Davis does not otherwise argue that the trial court lacked the discretion to revoke the remainder of his suspended sentence under Code § 19.2-306.1(C). Therefore, we do not consider the issue. *See* Rule 5A:20(e); *Atkins v. Commonwealth*, 57 Va. App. 2, 20 (2010).

employment, even while he evaded arrest on active warrants. The trial court also directly addressed Davis's assertion that he could "have some type of discipline" and "show the Court that [he] c[ould] follow the rules and regulations," stating that Davis had had "plenty of time" to prove his ability to succeed on probation but "just ha[d]n't done it."

The balance of the record before the trial court indicated that Davis had a long criminal history and unsuccessful record on probation. The trial court pointed out that this was Davis's fourth probation violation. The trial court further noted that it had taken "5 months to pick [Davis] up" on his first probation violation, and "this time" Davis had absconded for nearly eight months.

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). And the General Assembly has provided trial courts with "wide latitude . . . in fashioning rehabilitative programs for defendants." *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Nuckoles v. Commonwealth*, 12 Va. App. 1083, 1085 (1991)). The sentence the trial court imposed represents a proper exercise of its sentencing discretion.

CONCLUSION

For these reasons, we affirm the trial court's judgment.

*Affirmed.*