UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Chaney and Senior Judge Annunziata

TRAVIS LEON WATSON

MEMORANDUM OPINION*
v.      Record No. 1749-22-1                              PER CURIAM
                                                          OCTOBER 3, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Everett A. Martin, Jr., Judge

(J. Barry McCracken, Assistant Public Defender, on brief), for
appellant.

(Jason S. Miyares, Attorney General; Susan Hallie Hovey-Murray,
Assistant Attorney General, on brief), for appellee.


Following a revocation hearing, the trial court found Travis Leon Watson in violation of the

terms and conditions of his probation, revoked his five-year suspended sentence, and re-suspended

all but six months. On appeal, Watson argues that "because the hearing was conducted on the basis

of a violation capias and major violation report which set out with specificity that [he] had violated

his probation for conduct that amounted to only a technical violation," "the trial court was precluded

from imposing a sentence which provided for any active incarceration." After examining the briefs

and record in this case, the panel unanimously holds that oral argument is unnecessary because "the

appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). Accordingly, this Court

affirms the trial court's judgment.

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND

On appeal of a trial court's revocation of a defendant's probation or suspended sentence, "[t]he evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013).

In November 2018, the trial court convicted Watson of possession of a Schedule I or II controlled substance and sentenced him to five years of incarceration with all the time suspended. In May 2022, Watson's probation officer filed a major violation report (MVR) alleging that Watson violated the terms of his previously suspended sentence. The MVR states that "[o]n June 30, 2021, Mr. Watson was found Guilty in Norfolk General District Court for DWI (offense date: 04/18/21)." Although the MVR included the information about Watson's new DWI conviction—a non-technical "Condition 1" violation—the MVR listed as "Violation Data" only "Condition: 06" technical violations for failure to follow the probation officer's instructions. Similarly, the probation violation capias issued by the trial court listed only Condition 6 technical violations.

Watson was ordered to complete the Virginia Alcohol Safety Action Program (VASAP) as part of the sentence for his new DWI conviction, but he repeatedly failed to enroll in the program as instructed by his probation officer. Watson also failed to follow his probation officer's instructions to attend all Decision Points Cognitive Behavior classes, and he was removed from the program due to excessive absences. Additionally, Watson failed to report to probation as instructed and missed multiple scheduled office appointments.

At the revocation hearing, Watson argued that because the MVR and probation violation capias identified as the basis for the probation violation only the violations for failing to follow the probation officer's instructions, the probation violation was only a technical violation under Code § 19.2-306.1. Thus, Watson argued, the trial court was unauthorized under Code § 19.2-306.1(C) to impose any active sentence of incarceration for his first technical probation violation. Indicating

- 2 -

that the probation office could not "tie the [c]ourt's hands" by omitting a particular probation violation from the MVR section labeled "Violation Data," the trial court concluded that Watson had committed a non-technical violation by incurring the new conviction. The trial court revoked Watson's suspended sentence and imposed a sentence of incarceration for five years with all but six months re-suspended. This appeal followed.

## ANALYSIS

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs*, 61 Va. App. at 535 (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)).

Watson contends that the trial court improperly imposed a sentence of active incarceration in violation of Code § 19.2-306.1(C) because the probation violation capias and MVR listed only technical violations as the basis of the alleged probation violation, although the MVR states that Watson incurred a new DWI conviction during the probationary period. Watson argues that the trial court violated his due process rights because he did not receive written notice specifying the new conviction as a basis for finding a probation violation.

Watson's due process argument fails because he did not present the argument to the trial court. "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "Procedural-default principles require that the argument asserted on appeal be the same as the contemporaneous argument at trial." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019). "[N]either an appellant nor an appellate court should 'put a different twist on a question that is at odds with the question presented to the trial court.'" *Id.* at 744 (quoting *Commonwealth v. Shifflett*, 257 Va. 34, 44 (1999)). "Rule 5A:18 applies to bar even constitutional claims." *Ohree v. Commonwealth*,

26 Va. App. 299, 308 (1998).  Because Watson did not afford the trial court the opportunity to rule on his due process claim, this Court cannot reach the due process argument raised in this appeal.[1]

CONCLUSION

For the foregoing reasons, this Court affirms the trial court's judgment.

*Affirmed.*

---

[1] "Although Rule 5A:18 contains exceptions for good cause or to meet the ends of justice," Watson does not invoke these exceptions and "we will not invoke them *sua sponte*." *Williams v. Commonwealth*, 57 Va. App. 341, 347 (2010).