COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Judges AtLee, Friedman and Callins


TYLER JAMES HAINSWORTH

                                   MEMORANDUM OPINION[*]

v.       Record No. 1896-23-2                         PER CURIAM
                                           OCTOBER 22, 2024

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FLUVANNA COUNTY
David M. Barredo, Judge

(James R. Cooke, Jr., on brief), for appellant.

(Jason S. Miyares, Attorney General; Allison M. Mentch, Assistant
Attorney General, on brief), for appellee.


The trial court found that Tyler James Hainsworth violated the terms and conditions of his probation.  It revoked Hainsworth's suspended sentence and resuspended ten years, giving him an active term of two years of incarceration.  Hainsworth challenges his active sentence arguing that it exceeded what is permitted for technical violations.  We find no trial court error and affirm the judgment.[1]

## BACKGROUND

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'"  *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)).  "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below."  *Id.*

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] After examining the briefs and record in this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit."  Code § 17.1-403(ii)(a); Rule 5A:27(a).

By order of July 21, 2016, the trial court convicted Hainsworth of aggravated sexual battery of a child less than 13 years of age. The trial court sentenced Hainsworth to 20 years of imprisonment with 12 years suspended. The trial court placed him on probation for 5 years upon his release from confinement and required him to be of good behavior for 40 years after his release. The sentencing order stated that Hainsworth "shall comply with all the rules and requirements set by the [p]robation [o]fficer" and that "[p]robation shall include substance abuse counseling and/or testing as directed by the [p]robation [o]fficer." The order further provided: "The Defendant shall enroll in and successfully complete any sexual offender assessment, treatment, and technological monitoring as directed" by the supervising probation officer and as recommended in his presentence psychological evaluation report. The order also prohibited Hainsworth from having "unsupervised contact with anyone under the age of eighteen during the period of good behavior."

Hainsworth began probation supervision on June 13, 2022. On July 1, 2022, Hainsworth signed "Sex Offender Special Instructions[.]" Those instructions provided that he "not purchase, consume or possess alcohol, marijuana and/or illegal substances" (Condition 3), that "[i]f supervised contact with minors is allowed, the supervisor of this contact must know of [his] offending behavior and must be approved by [his] supervising [o]fficer" (Condition 5), and that he "not own or have in [his] possession any sexually explicit materials" or view "visual images or printed materials that act as a stimulus for [his] abusive cycle or that act as a stimulus to arouse [him] in an abusive fashion" (Condition 13).

By major violation report (MVR) filed January 27, 2023, Rebecca Ciminelli, Hainsworth's probation officer, alleged that he had violated general Condition 6 of his probation: that he follow the officer's instructions and be truthful, cooperative, and report as instructed. The report also stated that Hainsworth violated Conditions 3, 5, and 13 of the Sex Offender Special Instructions. Ciminelli filed addenda to the MVR on March 2, April 10, May 24, June 28, and July 19, 2023.

At the revocation hearing, Ciminelli testified that Hainsworth repeatedly tested positively for marijuana. He was not forthcoming about reporting and discussing in his sexual offender treatment sessions his incidental and unsupervised contact with minors, drug use, deviant thoughts, and masturbation patterns. After testing positive for alcohol, Hainsworth claimed he had taken Nyquil, but more than the recommended dosage. He failed to report incidental contacts with a minor, who was his work supervisor's son and was sometimes present at Hainsworth's job. Hainsworth also had incidental contact with a child at the probation office but did not report it. He viewed media on the internet with minors or actors portraying minors and used those for arousal and masturbation. Generally, Hainsworth had failed to progress in the year of sex offender treatment because he was dishonest and not forthcoming about his behaviors. The trial court found that Hainsworth violated Conditions 3, 5, and 13 of the Sex Offender Special Instructions as well as general Condition 6 of his probation.

As for sentencing, the Commonwealth argued that Hainsworth's violations were not technical and that active incarceration was warranted under the circumstances. The trial court found that the Sex Offender Special Instructions were "within the court condition of enrolling in and successfully completing sexual offender assessment treatment and technological monitoring." The court thus found that Hainsworth had violated special conditions "as set by the court." The trial court revoked Hainsworth's suspended sentence, resuspended ten years, and imposed an active two-year sentence. This appeal followed.

ANALYSIS

Hainsworth asserts that the trial court erred by failing to rule whether his probation violations were technical or non-technical. He also argues that the trial court erred in concluding that the violations were "punishable as non-technical violations." We disagree on both counts.

Subject to certain conditions not at issue here, "in any case in which the court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "We have consistently held that the 'revocation of a suspended sentence lies in the discretion of the trial court and that this discretion is quite broad.'" *Commonwealth v. Delaune*, 302 Va. 644, 658 (2023) (quoting *Peyton v. Commonwealth*, 268 Va. 503, 508 (2004)). "On an appeal of a probation revocation, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Heart v. Commonwealth*, 75 Va. App. 453, 460 (2022) (quoting *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022)).

"Code § 19.2-306(A) has always provided the 'statutory authority for a circuit court to revoke a suspended sentence.'" *Id.* (quoting *Green*, 75 Va. App. at 77). "Code § 19.2-306(C) was 'amended and reenacted' to provide that '[i]f the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1.'" *Id.* (alteration in original) (quoting *Green*, 75 Va. App. at 78). "The newly enacted Code § 19.2-306.1 limits the period of active incarceration that a circuit court can impose for what the statute refers to as certain 'technical violations' enumerated under [Code § 19.2-306.1(A)]." *Id.* at 460-61 (quoting *Green*, 75 Va. App. at 78). "Whereas Code § 19.2-306(C) does not distinguish between types of violations, Code § 19.2-306.1 creates two tiers of probation violations: (1) technical violations, based on a probationer's failure to do one of ten enumerated actions, and (2) non-technical violations." *Id.* at 466. "[T]he conduct statutorily defined as technical violations are specific requirements imposed on all probationers supervised by probation officers . . . ." *Diaz-Urrutia v. Commonwealth*, 77 Va. App. 182, 193 (2023). By

contrast, "[n]on-technical violations include 'convict[ion] of a criminal offense that was committed after the date of the suspension' and 'violat[ion of] another condition other than (i) a technical violation [in subsection (A)] or (ii) a good conduct violation that did not result in a criminal conviction.'" *Thomas v. Commonwealth*, 77 Va. App. 613, 622 (2023) (second, third, and fourth alterations in original) (quoting Code § 19.2-306.1(B)).

Code § 19.2-306.1 places limits on active sentences for first and second technical violations, allowing for no term of incarceration upon a first technical violation and granting circuit courts discretion to impose, in some cases, up to 14 days of incarceration for a second. Code § 19.2-306.1(C). "The court may impose whatever sentence might have been originally imposed for a third or subsequent technical violation." *Id.* But under Code § 19.2-306.1(B), the trial court "may revoke the suspension and impose or resuspend any or all of that period previously suspended" for a violation other than a technical violation or a good conduct violation that did not result in a criminal conviction.

Hainsworth first asserts that the trial court erred in "not making a specific finding that the violations alleged were either 'technical' or 'non-technical' violations of his probation." We reject this claim as the record establishes that the trial court distinguished Hainsworth's probation violations from technical violations. The trial court ruled that Hainsworth's violations were not technical and, in fact, were of special conditions imposed by the court in its 2016 sentencing order.

But Hainsworth also argues that the trial court erred in finding that he violated a special probation condition imposed by the court. He contends that his violations were technical and the trial court exceeded its authority under Code § 19.2-306.1(C) in imposing an active two-year sentence.

In *Diaz-Urrutia*, 77 Va. App. at 193, this Court found that "a sentencing court must engage in a four-step process to classify the basis of the revocation proceeding before determining what sentence it may impose." "First, the court must determine whether 'the violation conduct matches the conduct [specifically] listed in Code § 19.2-306.1(A).'" *Id.* (alteration in original) (quoting *Delaune v. Commonwealth*, 76 Va. App. 372, 383 (2023)). "If so, then the defendant has committed a technical violation and the sentencing limitations found in Code § 19.2-306.1(A) apply, regardless of whether the sentencing court included that conduct as 'another condition' of the defendant's suspended sentence." *Id.* at 194. "If the violation conduct does not match the conduct listed in Code § 19.2-306.1(A), the court must then determine whether 'another condition,' other than the generic good behavior condition of the defendant's suspended sentence covers the conduct." *Id.* "If so, then the court's sentencing authority is not restricted by Code § 19.2-306.1." *Id.* Third, "[i]f the defendant's sentencing order contained no other condition matching the violation conduct, then the court must determine whether the conduct resulted in a new criminal conviction." *Id.* "If so, then the court's sentencing authority is not restricted by Code § 19.2-306.1." *Id.* "Finally, if none of the above apply, then the court must determine whether the defendant has engaged in substantial misconduct amounting to a good conduct violation." *Id.* (footnote omitted).

Here, we need reach only the second step in the *Diaz-Urrutia* analysis to classify Hainsworth's probation violations. At least a portion of Hainsworth's conduct in violation of probation did not match any of the enumerated technical violations in Code § 19.2-306.1(A). Hainsworth's conduct in having and not reporting unsupervised contacts with minors and using media images as a stimulus for his abusive cycle violated the Sex Offender Special Instructions, and thereby violated the trial court's express requirement in the sentencing order that he enroll

and complete sex offender treatment as directed by his probation officer.[2]  Therefore, upon finding Hainsworth in violation, the trial court's sentencing authority was not restricted by Code § 19.2-306.1(C) and the court had the discretion to "impose or resuspend any or all of that period previously suspended."  Code § 19.2-306.1(B).  We thus reject Hainsworth's contention that the trial court imposed an unlawful active sentence for an alleged technical probation violation, and affirm the trial court's imposition of sentence.

## CONCLUSION

For all these reasons, we affirm the trial court's judgment.

*Affirmed.*

---

[2] We also note that Hainsworth's unsupervised contacts with minors violated the trial court's specific prohibition against that.