COURT OF APPEALS OF VIRGINIA

Present: Judges Friedman, Raphael and White
Argued at Richmond, Virginia


KEYRON LAMONT DAVIS

v.     Record No. 0044-24-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE KIMBERLEY SLAYTON WHITE
JANUARY 6, 2026


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
W. Reilly Marchant, Judge

Eric Weathers, Assistant Public Defender (Michelle C. F. Derrico,
Senior Appellate Attorney; Virginia Indigent Defense Commission,
on briefs), for appellant.

Angelique Rogers, Assistant Attorney General (Jason S. Miyares,
Attorney General; Suzanne Seidel Richmond, Assistant Attorney
General, on brief), for appellee.


The trial court found that Keyron Lamont Davis had violated the terms and conditions of

probation and revoked his previously suspended sentence. It resuspended all but six months'

incarceration. On appeal, Davis argues that the trial court erred in finding he committed a

special condition violation, rather than a technical violation under Code § 19.2-306.1 and then

abused its discretion by imposing a six-month active sentence. We find that the violation was

technical in nature, reverse the trial court's judgment, and remand this matter for proceedings

consistent with this opinion.

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND[1]

In 2017, Davis pleaded nolo contendere to indecent liberties with a child and was sentenced to 10 years of incarceration, with all but 4 months and 15 days suspended. As a condition of the suspended sentence, the trial court placed Davis on supervised probation, ordered him to be of good behavior, and to register with the Virginia State Police Sex Offender Registry.

In 2019, Davis pleaded guilty to failing to register as a violent sex offender, second offense. He was sentenced to five years' incarceration, with four years and nine months suspended. As a condition of the suspended sentence, the trial court placed Davis on supervised probation and ordered that he be of good behavior and "comply with all the rules and requirements set by the Probation Officer."

In 2022, the trial court convicted Davis of failing to register as a violent sex offender and continued that matter until April 2022. At the joint sentencing and revocation hearing, the trial court sentenced Davis to three years' incarceration, with two years, nine months suspended on the 2022 conviction. The trial court then found Davis had violated the terms and conditions of his probation and revoked the suspended sentence for his 2019 conviction and resuspended four years and three months, for an active sentence of six months. Davis was ordered to be of good behavior and "returned to supervised probation under the same terms and conditions as previously ordered."

Davis returned to supervised probation in April 2022. Davis's probation officer reviewed the terms and conditions of his probation, including "Sex Offender Special Instructions," with Davis, who then signed them. The special instructions directed that Davis "not frequent places where children congregate, such as parks, playgrounds, and schools." In July 2023, Davis's probation officer reported that Davis had violated Condition 6 of his probation when he failed to

---

[1] We consider the evidence "in the light most favorable to the Commonwealth, as the prevailing party below." *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013).

follow his probation officer's instructions and Instruction 9 of the Virginia Department of Corrections Sex Offender Special Instructions when he visited a place where children congregate. His report alleged that Davis's GPS bracelet was more than 50 feet away from his GPS unit and that Davis was at Kings Dominion amusement park on July 12, 2023. When Davis's probation officer asked him where he was, Davis initially stated that he was ten minutes away from his home but later stated that he was in Ashland.[2] Ultimately Davis admitted he was at Kings Dominion and asked, "Am I not allowed to be here?" Davis was instructed to return home immediately, but he did not leave the park for two hours after being instructed to do so. The trial court issued a capias, which was served on Davis on September 4, 2023.

At the revocation hearing, Davis admitted that he had violated the terms and conditions of his suspended sentence. He argued that the violation was a technical violation and not a special condition violation so the trial court could not impose any active incarceration on a first technical violation and only up to 14 days on a second.[3] Davis admitted that he was on probation in Henrico County and that he had violated that probation by going to Kings Dominion. As a result, he was sentenced to one year of incarceration. During trial, he asked the court not to sentence him to any time because of his Henrico sentence. In allocution, Davis denied that he was a sex offender and noted that the world is full of kids and they "congregate[] everywhere." He acknowledged, however, that he had violated his probation and apologized to the court.

Before pronouncing sentence, the trial court noted that "it is a very knotty little issue" and that the parties had not supplied it with "any persuasive authority one way or the other" addressing whether Davis's admitted violation was technical in nature or violated a special condition. The court acknowledged that it "might be wrong." Even so, the court reasoned that

_____

[2] Kings Dominion is located about 11 miles north of Ashland, Virginia.

[3] Davis did not address whether the violation was a first or second technical violation.

the major violation report categorized the violation as a special condition and found that it had ordered Davis to "comply with parole department's rules on sex offenders and they have a whole checklist of, quote, special conditions, I think that is different."[4]  The court also noted that "a sex offender getting around children is not the same as we typically would see for a technical violation."  The trial court found that Davis had violated his probation but stated that it "[did]n't find it is a first technical."  It revoked six months of the previously suspended 2019 sentence and took no action on the 2022 sentence.  Davis appeals.

ANALYSIS

I. Davis's violation was a technical violation, and his sentence exceeded the limit set in Code § 19.2-306.1.

"On an appeal of a probation revocation, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'"  *Heart v. Commonwealth*, 75 Va. App. 453, 460 (2022) (quoting *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022)).  Under the abuse of discretion standard, "we do not substitute our judgment for that of the trial court.  Rather, we consider only whether the record fairly supports the trial court's action."  *Carter v. Commonwealth*, 293 Va. 537, 543 (2017) (quoting *Grattan v. Commonwealth*, 278 Va. 602, 620 (2009)).  Nevertheless, "[a] court always abuses its discretion when it makes an error of law."  *Commonwealth v. Thomas*, 73 Va. App. 121, 127 (2021).

Under Code § 19.2-306(A), trial courts have the authority to "revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court."  "We have consistently held that

---

[4] Nothing in the written conviction or sentencing orders contained in the record reflects a requirement that Davis comply with a checklist of parole-department "special conditions," notwithstanding the trial court's recollection to the contrary.

the 'revocation of a suspended sentence lies in the discretion of the trial court and that this discretion is quite broad.'" *Commonwealth v. Delaune*, 302 Va. 644, 658 (2023) (quoting *Peyton v. Commonwealth*, 268 Va. 503, 508 (2004)). Indeed, "Code § 19.2-306(C) was 'amended and reenacted' to provide that '[i]f the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of [Code] § 19.2-306.1.'" *Heart*, 75 Va. App. at 460 (first alteration in original) (quoting *Green*, 75 Va. App. at 78).

Code § 19.2-306.1 "creates two tiers of probation violations: (1) technical violations, based on a probationer's failure to do one of ten enumerated actions, and (2) non-technical violations." *Id.* at 466. A "technical violation" is one that "specifically matches one of the enumerated technical violations set forth in Code § 19.2-306.1(A)."[5] *Delaune*, 302 Va. at 657. In contrast, a non-technical violation is any "criminal offense that was committed after the date of the suspension, or [a violation of] another condition other than (i) a technical violation or (ii) a good conduct violation that did not result in a criminal conviction." Code § 19.2-306.1(B).

Different rules apply for "technical" and "non-technical" violations of a suspended sentencing order under Code § 19.2-306.1. Under Code § 19.2-306.1, "[a] [circuit] court may not impose a term of active incarceration based on a first technical violation." *Delaune*, 302 Va. at 656. After a second technical violation, however, a circuit court "may impose a maximum term of 14 days of active incarceration." *Id.* In contrast, for non-technical violations, "the court may revoke the suspension and impose or resuspend any or all of that period previously suspended." Code § 19.2-306.1(B).

---

[5] As relevant here, Code § 19.2-306.1(A)(v) specifically requires the probationer to "follow the instructions of the probation officer, be truthful and cooperative, and report as instructed."

"Virginia courts have repeatedly looked to the conduct described in Code § 19.2-306.1 as the touchstone for evaluating whether a probationer has committed a technical violation." *Shifflett v. Commonwealth*, 81 Va. App. 277, 293 (2024) (en banc). "[W]hether violative conduct by a probationer 'match[es] that listed in Code § 19.2-306.1(A)' is determined only by reference to the conditions 'articulated at sentencing,' not the discretionary enforcement mechanisms of the probation office." *Ellis v. Commonwealth*, 84 Va. App. 531, 542 (2025) (second alteration in original) (quoting *Shifflett*, 81 Va. App. at 284, 292). A trial court is not restricted by sentencing limitations in Code § 19.2-306.1 if the probation violation satisfies three conditions. Under past cases, we have classified a violation as non-technical when "[1] the circuit court imposed the condition, [2] the condition is not among those listed in Code § 19.2-306.1(A), and [3] the probation officer merely supervised its implementation." *Terry v. Commonwealth*, 81 Va. App. 241, 250 (2024). "[C]onversely, if the *probation officer* 'imposed the condition,' without any corresponding special condition articulated by the circuit court, then any violation falls under subsection (A)(v), failure to 'follow the instructions of the probation officer.'" *Ellis*, 84 Va. App. at 545.

Here, it is undisputed that the relevant conduct in this case was Davis's failure to "not frequent places where children congregate such as parks, playgrounds, and schools." Davis argues that his conduct was technical in nature because it violated the probation officer's instruction, not the court's order imposing the conditions of the suspended sentence. He contends that "the conduct at issue specifically matched an enumerated technical violation; [he] failed to follow the instructions of his probation officer." We agree.

The trial court's sentencing order conditioned the suspended sentence on Davis's good behavior, supervised probation, and undergoing a substance abuse assessment. The order required Davis to "comply with all the rules and requirements set by the Probation Officer." The

sentencing order did not specifically require Davis to comply with the "Sex Offender Special Instructions." The "Sex Offender Special Instructions" Davis signed were imposed by probation, not the trial court. Because the probation officer imposed the "Sex Offender Special Instructions" without any corresponding special conditions by the trial court, Davis's conduct was not a special condition violation. *See Ellis*, 84 Va. App. at 543. Davis therefore committed a technical violation, and the trial court erred as a matter of law by revoking the suspension of sentence and imposing six months of active incarceration.

  II. The appeal is not moot because Davis was assessed a refundable $25 jail admissions fee.

The Commonwealth argues that the case is moot because Davis has already served the entirety of his sentence. Davis, however, argues that the case is not moot because he was assessed a $25 jail admissions fee that must be refunded since he was improperly sentenced to a term of incarceration. We agree with Davis.

"[A] case is moot and must be dismissed when the controversy that existed between litigants has ceased to exist[.]" *Commonwealth v. Browne*, 303 Va. 90, 91 (2024) (alterations in original) (quoting *Daily Press, Inc. v. Commonwealth*, 285 Va. 447, 452 (2013)). "Whenever it appears . . . that there is no actual controversy between the litigants, or that, if it once existed, it has ceased to do so, it is the duty of every judicial tribunal not to proceed to the formal determination of the apparent controversy, but to dismiss the case." *Id.* (alteration in original) (quoting *Daily Press, Inc.*, 285 Va. at 452). Indeed, the Virginia Supreme Court has made clear that "[i]t is not the office of courts to give opinions on abstract propositions of law, or to decide questions upon which no rights depend, and where no relief can be afforded." *E.C v. Va. Dep't of Juvenile Justice*, 283 Va. 522, 530 (2012). To do so otherwise would be to "issue advisory opinions on moot questions." *Bd. of Supervisors v. Ratcliff*, 298 Va. 622, 622 (2020). Likewise, "[a]n action that involves a live controversy at its inception may become moot during the course

of litigation." *Berry v. Bd. of Supervisors*, 302 Va. 114, 129 (2023). In certain cases, "changing events during litigation may make it impossible for a court to award a litigant the relief requested." *Id.* Accordingly, the question is whether Davis retains a redressable remedy from this Court or whether the case is moot.

Here, the case is not moot because Davis was assessed a $25 jail admissions fee upon serving the active incarceration sentence. Davis's counsel filed a supplemental brief that included a Form CC-1351, "Clerk's Notice of Fines and Costs" which showed he was assessed a $25 jail admissions fees. While in most instances we cannot examine documents outside the trial court record, "[a]n appellate court may consider extrinsic evidence that is not already part of the record when considering whether a case has become moot during the pendency of an appeal." *Browne*, 303 Va. at 92.

In *Matheson v. Commonwealth*, 86 Va. App. 201 (2025), we found that "[t]he assessment of the $25 fee under the authority of Code § 15.2-1613.1 thus operates forward from the imposition of an incarceration sentence, not retrospectively from pretrial detention." *Id.* at 212. Because Davis, like the defendant in *Matheson*, committed only a technical violation, the subsequent incarceration sentence was imposed in error and therefore should not have resulted in a jail admissions fee. Hence, "[w]hile we cannot undo a wrongfully imposed period of incarceration that has already been fully served, we may remand the matter to ensure a refund of any fee assessment that was improperly imposed by the circuit court." *Id.* Because the trial court imposed an erroneous sentence of six months on a technical probation violation, Davis was assessed a $25 jail admissions fee that he would not have owed absent the sentence, the appeal presents a live, redressable controversy. As a result, we remand the case with instructions for the trail court to refund the $25 jail admissions fee.

CONCLUSION

For the foregoing reasons, we reverse the trial court's judgment, vacate the six-month revocation sentence, and remand with instructions to sentence Davis for a technical probation violation[6] and to refund the $25 jail admissions fee previously imposed.

*Reversed, vacated, and remanded.*

---

[6] Whether the violation is a first or second technical violation remains for the trial court to determine.